## STATE v. C. B. BUCKMAN.[1]

### Nos. 14,316—(22).

### June 23, 1905.

**State Land—Action for Penalty.**

An action to recover for timber taken and converted by trespassers upon lands owned by the state for the enhanced damages above its value, brought under the provisions of section 7, c. 163, Laws 1895, is for a penalty, and must be commenced within three years from the time the trespasses were committed, or the right to maintain the same will be barred under section 5136, G. S. 1894.

### July 21, 1905.

**State—Liability for Costs.**

The state is liable for costs and disbursements in civil actions brought by it, though not in criminal prosecutions.

Action in the district court for Ramsey county to recover $67,850.31 for conversion of state timber. From an order, Brill, J., sustaining a demurrer to the complaint, plaintiff appealed. Affirmed.

*Edward T. Young,* Attorney General, and *Frederick N. Dickson,* for appellant.

Section 5136, subd. 2, G. S. 1894, prescribes the six-year limitation for "an action upon a liability created by statute, other than those upon a penalty or forfeiture." This language is broad and sweeping, and must be construed to embrace any and all pecuniary liabilities of any sort created by statute, save only those which fall in the excepted class. County of Redwood v. Winona & St. P. L. Co., 40 Minn. 512. It has been held to include actions given to private persons to recover liabilities "highly penal" in their nature. Merchants Nat. Bank v. Northwestern M. & C. Co., 48 Minn. 349 ; National New Haven Bank v. Northwestern Guaranty Loan Co., 61 Minn 375 ; Flowers v. Bartlett, 66 Minn. 213 ; Rice v. Madelia F. W. Co., 78 Minn. 124. Statutes giving a private action against a wrongdoer are sometimes spoken of

[1] Reported in 104 N. W. 240, 289.

as penal in their nature, but it has been pointed out that neither the liability imposed nor the remedy given is strictly penal. Huntington v. Attrill, 146 U. S. 657; 16 Enc. Pl. & Pr. 232; 22 Am. & Eng. Enc. (2d Ed.) 654; Kennedy v. Raught, 6 Minn. 155 (235); Mount v. Hunter, 58 Ill. 246. Exceptions strengthen the force of a general law, and where the language of a law covers a class of things in general terms and makes specific exceptions therefrom, such exceptions must be strictly construed and the general language will embrace and include everything except that which is strictly within the excepted class. Marx v. Watson, 168 Mo. 133, 26 Am. & Eng. Enc. (2d Ed.) 678, 679; National New Haven Bank v. Northwestern Guaranty Loan Co., 61 Minn. 375, 384; Flowers v. Bartlett, 66 Minn. 213, 216; Rice v. Madelia F. W. Co., supra.

That a statutory liability is highly penal in its character is not sufficient to make it a penalty. "All damages for neglect or breach of duty operate to a certain extent as punishment." Reed v. Inhabitants, 13 Pick. 94; State v. Pfefferle, 33 Kan. 718; Durein v. Pontious, 34 Kan. 353; Plumb v. Griffin, 74 Conn. 132; Leep v. St. Louis, 58 Ark. 407; Brady v. Daly, 175 U. S. 148; Aylsworth v. Curtis, 19 R. I. 517; City of Atlanta v. Chattanooga Foundry & Pipe Works, 127 Fed. 23; Whitaker v. Warren, 60 N. H. 20; Blum v. Widdicomb, 90 Fed. 220, 221; Minneapolis & St. L. Ry. Co. v. Beckwith, 129 U. S. 34, 36.

The view that these statutes are remedial in their nature is sustained by the most respectable and best-reasoned authority; Aylsworth v. Curtis, supra; Reed v. Inhabitants, supra; Woodward v. Alston, 12 Heisk. 581; Frohock v. Pattee, 38 Me. 103; Huntington v. Attrill, supra. The action is purely an action in the nature of trover for the conversion of personal property and as such is a transitory action. 21 Enc. Pl. & Pr. 1037, and note; Little v. Chicago, St. P. M. & O. Ry. Co., 65 Minn. 48.

*Lindbergh & Blanchard,* for respondent.

This action, so far as an attempt is made to recover double or treble damages, is an action for a penalty, within the meaning of section 5184, G. S. 1894, providing for the place of trial of actions, and is also an action for such penalty within the meaning of the statute of limitations. Berg v. Baldwin, 31 Minn. 541; Potulni v. Saunders, 37

95 M.—18

Minn. 517; Merchants' Nat. Bank v. Northwestern M. & C. Co., 48 Minn. 349; First Nat. Bank of Charlotte v. Morgan, 132 U. S. 141; Goodridge v. Union Pac. Ry. Co., 35 Fed. 35; Herriman v. Burlington, 57 Iowa, 187; Schloss v. Atchison, 85 Tex. 601; Hobe v. Swift, 58 Minn. 84; Reed v. Davis, 8 Pick. 513; Sutherland, St. Const. (1st Ed.) § 358.

LOVELY, J.

This action is brought by the state of Minnesota to recover upon three causes of action—on the first for pine logs cut from lands of the state in St. Louis county, on the second for logs of the state cut from lands in Itasca county, and on the third for another specific number of logs of the state cut in Itasca county. It was alleged in the two first-named claims that defendant knowingly, wilfully, and unlawfully cut, carried away, and converted the timber without having permission or authority to do so, and treble damages are sought for these trespasses. In the third cause of action the distinct allegation of knowledge and ownership (scienter) set forth in the two first is omitted, and double damages only are demanded in this instance.

The right to recover the amount above the actual value of the property in this suit is based upon section 7, c. 163, Laws 1895, which prescribes in terms:

> If any person, * * * without a valid and existing permit therefor, cuts * * * any timber * * * on state lands, * * * he shall be liable to the state in treble damages, if such trespass is adjudged to have been wilful; but double damages only in case the trespass is adjudged to have been casual and involuntary and shall have no right whatsoever to any remuneration or allowance for labor or expenses incurred in removing such other property, cutting such timber, preparing the same for market, or transporting the same to or towards market.

Defendant demurred to the complaint upon three specific grounds, viz.: (1) That the court had no jurisdiction of the subject of the action; (2) that several causes of action were improperly united; and (3) that the complaint did not state a cause of action.

In disposing of the issues of law thus raised the trial court held that

its decision necessarily involved the question whether the action was for a penalty, and therefore triable in the county where the cause of action arose, under section 5184, G. S. 1894, upholding the demurrer necessarily for the reason that there was an improper joinder of causes; and further considered the claims of counsel that the question whether the enhanced damages above the actual value of the converted property was for a penalty would be the crucial test of the right to maintain the action for such sum, since the alleged trespasses occurred more than three years previous to the commencement of the suit, and under section 5137, G. S. 1894, it was barred by the terms thereof, which provide that an action cannot after that period be maintained upon a statute for a penalty or forfeiture where it is given to the party aggrieved or to such party and the state of Minnesota, which was held to apply in this case. We are therefore required to determine on this appeal precisely whether this was an action for a penalty.

The conclusion of the learned trial court sustaining the demurrer is contested with much ability by counsel for the state, whose contention may be summarized as follows: The statute (Laws 1895, c. 163, § 7) upon which the action is founded provides for enhanced damages above the value of the stumpage which the state, to protect its proprietary interest and safeguard its rights in its timber lands, made highly penal; but that such statutory right of recovery did not constitute, in the strict sense of the term, a penalty, within the limitation acts of this state, since a penalty ex vi termini under proper legal definition of that precise term by a correct construction of the statutes themselves must be treated as a punishment for an offense, rather than compensatory redress for wrongs sustained from trespasses upon the state property, and referring to the three distinct references in the limitation statutes to the word "penalty." Section 5136, G. S. 1894, is general, and applies to the six-year period. The second subdivision of this section specifically relates to "a liability created by statute other than those upon a penalty or forfeiture." Section 5137, following, in the same chapter, provides for the three year period, and refers to a limitation upon actions for a penalty or forfeiture which has been quoted above. Section 5140 provides for an action for a penalty where given in whole or in part to the person who prosecutes which shall

be commenced within one year after the commission of the offense or where by the state within two years.

It is argued that the term in section 5136 relating to penalties is an exception to the provisions of that statute, and should be construed strictly to exclude, if possible, rather than to enlarge, the purview and scope of the term "penalty"; also that this distinctive word in each of these sections, with the attendant connecting terms therein, should be considered in pari materia, and the reference to offenses in section 5140 indicates that whatever is to be sensibly embraced in the theory of this statutory term is of the nature of a criminal offense, and involves the purpose of punishment specifically, from which it follows that the damages to the state for trespasses contemplates in the theory of compensation more than the actual value of the property taken, and is hence not a penalty, but rather of the nature of enhanced and punitive damages.

The conclusion is, however, very logical, and necessarily has much force, that the state might desire to impose penal consequences upon trespassers on its domain, particularly when it is taken into consideration that the state, in view of its interest and the difficulty of guarding its lands, has a peculiar interest in protecting the same from invasion by trespassers who might otherwise have a more than ordinary temptation to make depredations thereon. The expenses of supervision, sending out cruisers to locate boundaries, the desire to emphasize its sovereign rights, as well as the purpose of inducing for its protection extreme caution on the part of any who might have authority to cut from adjacent lands, might furnish reasons for providing enhanced damages beyond the actual value of the property taken; and while it might have been the purpose of the state to liquidate in the statutory provision on which this action is founded the damages to be awarded for inexcusable and wilful wrongs, it was also its purpose to provide for the state's protection for involuntary trespasses; and in determining this the statute affords, it seems to us, a very clear and definite guide. Bearing in mind that within the well-settled rules governing the subject the law recognizes but two distinct elements of compensation where damages are awarded for the redress of wrongs—one the established common-law rule, which gives for the wrong suffered the actual value of the property taken; another where malice, aggravation,

oppression, and deceit characterize the injury, in which case additional or enhanced damages are authorized as a solatium to the party wronged, and also as a punishment to the wrongdoer—the sum so allowed by law to be found by the jury for the tort constitutes the pecuniary redress which a successful plaintiff obtains by his legal action. 1 Sutherland, Dam. (3d Ed.) 2, 3, 4.

If there were nothing in the statute to discriminate between what would be allowed as punitive damages and what would be allowed as punishment, we would have more difficulty in determining whether it was within the legislative intent strictly to penalize any portion of the damages allowed, and to distinguish between that element and what the law authorizes as exemplary damages. Our review of the subject, while it impresses us with force that the view that the legislature might have intended to liquidate a claim for the wrongful character of the injury to the state upon the theory of providing exemplary damages, has also led us to the necessary and essential conclusion that this is not the only element within the statute upon which the theory can be sustained that the provision for redress embraces and comprehends within its purview and scope distinctly the idea of a penalty.

Recurring again to the statute referred to, we find that treble damages are therein allowed where the element which authorizes the recovery is wrongful, remembering that it is in such cases only without the statute that exemplary damages or smart money can be given. The act of 1895, under which this action is maintained, further provides that in every action where the sovereign rights of the state are interfered with by trespassers double damages are to be allowed for each involuntary taking. Thus it appears that between what would justify punitive damages and the actual value of the property or compensation pure and simple a sum to be recovered is given that cannot possibly be for any other conceivable purpose than punishment solely; in other words, a penalty. This seems to us to be too clear in the language and terms of the statute to admit of any doubt. The law itself determines the nature of the action. Its discriminations and distinctions between what is to be or can be regarded as exemplary damages and what must be necessarily treated as a penalty distinctively are so obvious and plain as to admit of no question or cavil in this case; and, whatever inferences might be drawn from the purpose to provide

for punitive damages, the compensation for double damages in the statute so clearly indicates the explicit feature of penalty that it requires us to hold that this substantial and controlling element determines that the three-year period of limitation in section 5136, supra, applies. The right to recover any sum under the statute above the actual damages was barred at the time the suit was commenced, since it would be impossible above that amount to recognize any difference between the measure of compensation that was for a penalty specifically or for punitive damages.

The order is affirmed.

On July 21, 1905, on plaintiff's appeal from the clerk's taxation of costs, the following opinion was filed:

PER CURIAM.

This is a civil action, brought by the state to recover damages for a trespass alleged to have been committed upon its lands by defendant. A demurrer was interposed to the complaint, which was sustained by the order of the trial court, which order was affirmed on appeal to this court, whereupon defendant gave notice of taxation of costs and disbursements, to which the state interposed an objection on the ground that no costs or disbursements, except clerk's fees, were taxable against the state. The clerk overruled the objection, taxed the costs, and the state appealed.

The action of the clerk is affirmed. While costs and disbursements are not taxable against the state in a criminal prosecution, no sound reason occurs to us why the state should not be liable therefor in an ordinary civil action. The rule at common law doubtless is that the state is not liable for costs and disbursements, and can be made so only by express statute. 5 Enc. Pl. & Pr. 151. But that rule applies more particularly to criminal actions. Our statutes are sufficiently broad to render the state liable in civil actions. They provide that in every action brought in the courts of this state the prevailing party shall be entitled to his costs and disbursements. G. S. 1894, §§ 5500-5516. The statutes cited refer to civil actions generally, and we construe them to include the state whenever it prosecutes a civil action, and that it is liable for costs and disbursements to the same extent as other parties. The fact that no execution can issue against the state

does not necessarily determine the question. The party entitled to costs may tax them, and trust to the integrity of the state to pay its debts in the usual way by legislative appropriation.

The clerk's taxation of costs and disbursements is affirmed.