STATE v. H. C. CLARKE.[1]

November 12, 1909.

Nos. 16,355—(25).

Case Distinguished.

State v. Rat Portage Lumber Co., 106 Minn. 1, distinguished, and *held* not applicable to the facts of this case.

[1]Reported in 123 N. W. 54.

**Conversion of State Timber — Damages.**

> Chapter 163, Laws 1895, did not abrogate the rule of damages, as laid down in State v. Shevlin-Carpenter Co., 62 Minn. 99, in an action by the state for the conversion of timber cut and removed from its land, commenced more than three years after the trespass was committed.

Action in the district court for Itasca county to recover $13,601.67 for cutting and converting in the winter of the years 1901–1902 certain white pine saw logs on school land. The facts stipulated are stated in the opinion. The case was tried before McClenahan, J., who made findings of fact and as conclusion of law ordered judgment in favor of plaintiff for $13,601.67, less a credit of $5,423.61, or the sum of $8,178.06. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*George T. Simpson,* Attorney General, and *C. S. Jelley,* for the State.

*R. J. Powell* and *Clapp & Macartney,* for respondent.

START, C. J.

This action was brought by the state in the district court of the county of Itasca to recover damages which it claimed by its complaint to have sustained by the wilful act of the defendant in entering upon its lands described in the complaint, and cutting thereon, removing therefrom, and converting to his own use saw logs of the aggregate value of $13,601.67. The answer alleged, in effect, that the defendant, in good faith, honestly believing that he had a right to do so, entered upon the land under a permit from the state and extensions thereof, and cut and removed the standing timber thereon, for which he paid the state its stumpage value, $3.15 per thousand feet, as stipulated in the permit, which was accepted by the officers of the state in full payment therefor.

On the trial of the action the facts were stipulated by the parties and were so found by the court. They are, so far as here material, to the effect following:

On December 1, 1898, the state duly executed to the defendant a permit authorizing him to cut and remove the pine timber from the land during the logging seasons of the years 1898–1899 and 1899–

1900. The defendant, by the terms of the permit, agreed to pay for all timber cut from the land under the permit at the rate of $3.15 per thousand feet, board measure. He was unable to cut and remove all the timber within the time limited by the permit, and it was duly extended to June 1, 1901. He duly and fully paid the state for all timber cut on the land prior to the expiration of the time limit of the permit as extended. The defendant was unable to cut and remove all the timber upon the land prior to June 1, 1901, and the state auditor, upon application made to him by the defendant, informed him that he might have until the first day of June, 1902, to cut and remove from the land the balance of the timber purchased by him from the state under and by virtue of the permit. Thereupon the defendant, believing that he had by reason of such permission full right and authority to cut and remove the timber up to and until the first day of June, 1902, did during the logging season of 1901–1902, and after the first day of June, 1901, cut and remove from the land timber to the amount of 13,754 white pine saw logs, containing 853,830 feet, board measure, and 20,400 Norway pine saw logs, containing 1,270,810 feet, board measure, aggregating in all 34,154 saw logs, containing 2,124,640 feet, board measure, and having so removed the timber and logs from the land, and believing that he had the right so to do, used and disposed of the same in and about his operations in the lumber business, and converted the whole of the same to his own use and benefit. At the time the timber was cut by the defendant the stumpage value thereof was the sum of $3.15 per thousand feet, board measure. The total value of all the logs at the time they were so removed was $13,601.67. The defendant, before cutting or removing any of the timber or logs during the season of 1901–1902, notified the state auditor of his intention so to do, and no objection was made to such cutting and removal by any officer or board of the state. Such logs were duly scaled and reported to the state auditor before their removal, who, with full knowledge of the facts as to the cutting of such timber after June 1, 1901, drew a draft on the defendant for the balance due therefor, $5,423.61 according to the permit price and scaling fees [$131.20] which the defendant paid. He has paid to the state the full permit

price for all timber cut and removed at any time from the land. This action was not brought until more than three years after all of the timber was so cut and removed.

The trial court, upon the facts found, being of the opinion that this case was controlled by the decision of this court in the case of State v. Rat Portage Lumber Co., 106 Minn. 1, 115 N. W. 162, 117 N. W. 922, ordered judgment for the state for $13,601.67, less amount so paid, $5,423.61. Thereupon the defendant made a motion for a new trial, and the court made its order granting a new trial, from which the plaintiff appealed.

It is apparent from the record that the learned trial judge granted a new trial because he was of the opinion that he had misconceived the force of the case cited, and that this case was governed by the common-law rule as to the measure of damages, under which the state was entitled only to the stumpage value. The contention of the state in support of its appeal is: (a) That the case of State v. Rat Portage Lumber Co. decides this case in its favor; (b) chapter 163, p. 349, Laws 1895, abrogated the common-law rule of damages applicable to an action of conversion.

1. The complaint in the Rat Portage case alleged that on a day named the state was the owner of a section of land, describing it, and was also the owner of a stated number of pine saw logs lying thereon, and of the reasonable value of $6.00 per thousand feet, board measure; that the defendant then entered upon the land, removed the logs, and converted them to its own use, to the damage of the plaintiff in the sum of $5,604, the actual value of the logs. The stipulated facts in that case were to the effect that the defendant entered upon the land of plaintiff and cut the logs under a valid permit, but did not take them away within the time limit by the permit, for the reason that it was not practical, on account of the condition of the roads and weather, but afterwards it entered upon the land and took the logs away; that the logs were then of the reasonable value of $5 per thousand feet, and their stumpage value was $2 per thousand feet, which the defendant paid.

This court held that, under the terms of the permit and the statute relevant to the rights of the respective parties thereto, the logs

after the time limit of the permit expired were the absolute property of the state, and that it was entitled to recover their value. The action was simply one in conversion, the subject-matter of which was saw logs, to which the common-law rule of damages applied; that is, the actual value of the logs lying on the ground at the time they were taken and converted. Or, in other words, the subject-matter of the tort was wholly disconnected by the terms of the statute from the act of the defendant in lawfully changing standing timber into logs, and the case stood precisely as it would have stood if a third party had taken away the logs, believing them to be his. Such is not the case at bar; for here the subject-matter of the tort in the beginning was not pine logs, but the entry upon the land of the state, cutting down the standing timber, removing it in the form of saw logs, and converting the same to its own use. We are of the opinion that the case relied upon by the state is not decisive of this case, and that upon the facts of this case the stumpage value of the timber was the proper measure of damages, unless the rule in this respect has been changed by chapter 163, p. 349, Laws 1895. King v. Merriman, 38 Minn. 47, 35 N. W. 570; State v. Shevlin-Carpenter Co., 62 Minn. 99, 64 N. W. 81.

2. This brings us to the question whether the statute referred to has changed the rule we have stated, where the action is not brought on the statute nor within three years, but is simply an ordinary action by the state for the conversion of logs cut and removed from its land. The sections of the statute principally relied on by the state in support of its claim are 7 and 40. Section 7, so far as here material, provides that whoever, without a valid permit therefor, shall cut or remove any timber or other property on state lands, "shall be liable to the state in treble damages, if such trespass is adjudged to have been wilful; but double damages only in case the trespass is adjudged to have been casual and involuntary, and shall have no right whatsoever to any remuneration or allowance for labor or expenses incurred in removing such other property, cutting such timber, preparing the same for market, or transporting the same to or towards market." Section 40 provides for the seizure and sale by the land commissioner of timber unlawfully taken from state lands. It is

quite clear that this section has no bearing on the question under consideration, for it is practically a re-enactment of section 4018, G. S. 1894, which was the law of the state for more than twenty years before the decision in the case of State v. Shevlin-Carpenter Co. was made.   Section 7 imposes penalties upon all trespassers, intentional or otherwise, and an action to recover the penalties must be brought within three years after the trespass was committed.   State v. Buckman, 95 Minn. 272, 104 N. W. 240, 289.

It is reasonably clear, from all the provisions of chapter 163, that it was intended that all trespassers upon state timber should be prosecuted under section 7, and that the last clause thereof, prohibiting any deductions from the amount of the actual damages—that is, the actual value of the timber when taken—of any sum on account of the labor or expenses of the trespasser in cutting the timber and preparing it for and transporting it to market, is a part of the penalty.   Such being the case, it follows that the clause in question was not intended to change the rule of damages in a simple action for the conversion of timber or other property of the state not based on section 7; for, if any part of the rule for the assessment of damages prescribed by the section applies to an ordinary action of conversion brought by the state for any of its property, the rule in its entirety applies to such action.   If such be the case, then the state may bring an ordinary action for conversion three years after the trespass and at any time within six years, and recover treble or double damages, as provided in section 7, notwithstanding the decision of this court in the case of State v. Buckman, supra, to the contrary. Again, if such be the case, the state may at any time within six years after the trespass bring a simple action of conversion against an adjoining landowner, who honestly and mistakenly, in cutting grass on his own land, cuts and carries away grass growing on the land of the state, and recover twice the value, at the market place, of the baled hay made from the growing grass.   Clearly such was not the intention of the statute.

We hold that chapter 163, p. 349, Laws 1895, did not abrogate the rule of damages, as laid down in State v. Shevlin-Carpenter Co., supra, in an action by the state for the conversion of timber cut and

removed from its land, commenced more than three years after trespass was committed.

Order affirmed.

LEWIS, J. (concurring).

In view of the construction of chapter 163, p. 349, Laws 1895, in State v. Rat Portage Lumber Co., 106 Minn. 1, 115 N. W. 162, 117 N. W. 922, I am unable to distinguish between that case and this. If in that case the state was entitled to pursue and recover the value of the logs, because they were not removed from the land prior to the expiration of the permit, it is entitled to pursue and recover the value of its logs in this case, where the logs were not only removed, but cut, after the permit expired. But I am of the opinion that the wrong rule of damages was applied in the former case. Where the state officials and purchasers act in good faith as to the time for the removal of timber which has been purchased and paid for, the state has no further claim. The rule may be different with reference to strangers inadvertently cutting over the line.

I therefore concur in the result.