STATE ex rel. WILLIAM HOGAN v. P. J. SULLIVAN.[1]

April 26, 1912.

Nos. 17,613—(19).

**Liquor license — wholesale trade.**
> Section 135, c. 8, Laws 1895, giving to city councils the power to license and regulate the sale of intoxicating liquors, construed, with reference to the whole legislation of the state dealing with the subject of licensing the sale of intoxicating liquors and the uniform practical construction thereof, and *held*, that it does not apply to exclusively wholesale dealers selling in quantities of five gallons or more.

Upon petition of William Hogan, the district court for Polk county issued its writ of habeas corpus directed to P. J. Sullivan, as chief of police of the city of East Grand Forks. The return certified that William Hogan was taken and kept in custody by virtue of a criminal warrant, issued by the municipal court of the city of East Grand Forks, directing the arrest of relator for selling eight gallons of beer to a certain firm without having obtained a license so to sell such malt liquor, and contrary to a certain quoted ordinance of said city. Relator demurred to the return. The matter was heard by Watts, J., who sustained the demurrer and discharged the prisoner. From the order sustaining the demurrer and discharging the prisoner, the chief of police appealed. Affirmed.

*F. C. Massee* and *H. A. Bronson,* for appellant.

*G. A. E. Finlayson* and *W. E. Rowe,* for respondent.

START, C. J.

Appeal from an order of the district court of the county of Polk discharging the relator, on habeas corpus, from the custody of the appellant as chief of police of the city of East Grand Forks, which is a city organized under Laws 1895, p. 16, c. 8.

[1] Reported in 135 N. W. 748.

The city, by its common council, enacted an ordinance purporting to license and regulate the sale of intoxicating liquors, within the corporate limits, sold at wholesale; that is in quantities greater than five gallons. The relator was charged with a violation of the ordinance, arrested, and detained by the appellant by virtue of a warrant issued upon such charge. Thereupon the writ of habeas corpus issued.

The sole question here to be decided is: Was the city authorized to license the sale of intoxicating liquors at wholesale? If it was, the ordinance is valid, and the order discharging the relator must be reversed; but, if the city did not have such authority, the order must be affirmed.

The appellant claims that such authority was conferred by Laws 1895, p. 55, c. 8, § 135, which, so far as here material, is in these words: "The city council shall have power by ordinance, not inconsistent with the Constitution and laws of the state and of the United States, as follows: To license and regulate the sale of intoxicating liquors and the city council may designate within the territory in the city more particularly devoted to trade and manufacture than to residences certain definite limits to be known as the patrol limits, wherein intoxicating liquors may be sold."

Many of the contentions of the appellant may be conceded, without discussing them. It may be conceded that the charter provisions quoted, literally construed, without reference to other statutes and the policy of the state, confer upon cities organized under Laws 1895, c. 8, authority to license and regulate the sale by wholesale of intoxicating liquors, and that the legislature may, if it sees fit, confer such power upon municipalities, although such sales without a license are not prohibited by the general laws of the state, which make provision for licensing only the retail business of selling intoxicating liquors. It may also be conceded that the custom of manufacturers of intoxicating liquors of establishing warehouses, in the municipalities of the state, from which they sell and deliver directly to consumers their bottled wares in a greater quantity than five gallons, is liable, if not regulated, injuriously to affect public

interests. The question, however, is not the necessity or propriety of licensing the sale of intoxicating liquors at wholesale, a legislative question, but whether the power to license and regulate such wholesale business has been conferred upon the municipalities of the state.

The general terms of the statute here in question, authorizing cities organized under it to license and regulate the sale of intoxicating liquors, must be construed according to the intention of the legislature, as gathered from the whole legislation of the state dealing with the subject of licensing the sale of intoxicating liquors, and the practical construction given to it from its inception. The legislature, from territorial days to the present time, has, for the purpose of licensing and regulating the sale of intoxicating liquors, classified such sales on the basis of the quantity sold. Chapter 20, p. 128, R. S. 1851, prohibited and punished all sales of intoxicating liquors in quantities less than one quart without a license therefor, but no license was required for sales exceeding in quantity one quart. In 1858 the quantity was increased to five gallons. Pub. St. p. 341, c. 18, § 20. In the revision of 1866 the classification was continued, and sales in quantities less than five gallons without a license were prohibited; but the wholesale traffic in intoxicating liquors— that is, in quantities of five gallons or more—was not prohibited, nor was any attempt made to require a license therefor. If, however, a wholesaler sells in quantities less than five gallons, such sales are illegal, unless he has a license. The special charters, granted to the municipalities of the state prior to the adoption of the constitutional amendment forbidding special legislation, conferred, so far as we are advised, upon such municipalities the power to license and regulate the sale of intoxicating liquors in substantially the same general language as used in Laws 1895, p. 55, c. 8, § 135, here in question; yet this is the first case presented to this court in which the claim was made that such general language authorized municipalities to exact a license for the sale of intoxicating liquors in quantities of five gallons or more.

The practical construction of such charter provisions by munic-

ipal and state officers charged with the duty of enforcing the liquor laws of the state has uniformily been that they did not confer upon municipalities the authority to require a license for the sale of intoxicating liquors in quantities of five gallons or more. This court has repeatedly recognized this practical construction, and impliedly, at least, approved of it as correct. Thus in State v. Minnesota Club, 106 Minn. 515, 520, 119 N. W. 494, 495 (20 L.R.A.(N.S.) 1101,) the matter was summed up in these words: "The line separating the retailing from the wholesaling of intoxicating liquors is a certain quantity—five gallons—and brewers and wholesalers are not required to take out a license so long as they do not sell at retail."

The case of State v. Orth, 38 Minn. 150, 36 N. W. 103, while not directly in point, because a general statute, and not a charter provision, was under consideration, is nevertheless very cogent. The prosecution in that case was based upon a provision of the high license law (Laws 1887, p. 43, c. 6, § 4), which provided that: "Whoever sells, barters, gives away, or otherwise disposes of any spirituous, vinous, fermented, or malt liquors, without first having obtained license therefor agreeably to the laws of this state, shall be deemed guilty of a misdemeanor." It is to be noted that this language is just as general and comprehensive as the statute here in question. The prosecution in the case cited contended that the statute applied to all sales, whether more or less than five gallons, and this was practically conceded by the court, if the statute were to be construed literally, or apart from other provisions of the laws, but held:

"All the provisions of the laws in regard to procuring the license, the contents of the license, and the regulating the business, point unequivocally to the retail trade, making sales in small quantities to consumers, as the business for which a license is required; and, taking the laws as a whole, we conclude the legislature did not intend to depart from the former policy of the state, and require licenses for any but the retail trade."

We have examined the cases from other jurisdictions which appellant claims support his contention, and find that the decision in

each case turned upon the construction of local statutes in many respects unlike our own; hence they are not in point. Construing the charter provisions here in question according to the legislative intention, as gathered from the whole legislation of the state with reference to the subject of licensing the sale of intoxicating liquors, and the uniform practical construction of such legislation, we hold that they do not authorize the licensing of the sale of intoxicating liquors in quantities of five gallons or more.

Order affirmed.