# BOYD T. WILLIAMS v. MINNESOTA STATE BOARD OF MEDICAL EXAMINERS.[1]

January 17, 1913.

Nos. 17,876—(159).

**Appealable order.**
    The action of the State Board of Medical Examiners in refusing to grant a license to a physician from another state, applied for under Laws 1905, c. 236, is not appealable.

[1] Reported in 139 N. W. 500.

Note.—The decisions on the review of the action of a medical board are gathered in a note in 20 L.R.A. 355.

Boyd Thompson Williams appealed to the district court for Ramsey county from the action of the Minnesota State Board of Medical Examiners denying appellant a license to practice medicine and surgery in the state of Minnesota "upon questions of law and fact, as provided by section 2296 of the Revised Laws 1905," as amended by Laws 1909, c. 474. The board made return of proceedings had before it, and the respondent moved the court to make an order requiring appellant to make and serve a complaint in the matter of the appeal, setting forth his cause of action and ground of appeal, with leave to respondents to move to dismiss the appeal for want of jurisdiction of the court or to demur to or answer the complaint as advised. The appellant filed his complaint and the respondents moved to dismiss the appeal on the ground that the court had no jurisdiction of the subject-matter of the action. From an order, Olin B. Lewis, J., dismissing the appeal on the ground that the court was without jurisdiction, appellant appealed to this court. Affirmed.

*W. R. Duxbury,* for appellant.

*Lyndon A. Smith,* Attorney General, and *Clifford L. Hillman,* Assistant Attorney General, for respondents.

PHILIP E. BROWN, J.

Is the action of the State Board of Medical Examiners in refusing, upon any ground whatsoever, to grant a license to a physician licensed in another state, and who makes application for a license in this state, under the so-called "reciprocity act," being Laws 1905, p. 370, c. 236,[1] reviewable by appeal to the district court? The court below answered this question in the negative, and ordered the appeal dismissed, and the sole question here involved is the correctness of this ruling.

We gather from the state's brief that Laws 1883, p. 167, c. 125, was the first act on the subject of licensing physicians. It provided, in substance, that any one practising for five years in the state at the time of its passage was not subject to its provisions, and holders of medical diplomas were declared to be entitled to a certificate, but all others were required to take an examination. The license fee was $5,

[1] [R. L. Supp. 1909, §§ 2297-1, 2297-2].

and an appeal was allowed to the body appointing the board of examiners. No reference was made to physicians from other states. This act was expressly repealed by Laws 1887, p. 46, c. 9, providing for a board of medical examiners appointable by the Governor. No physician could be licensed under this act without an examination upon certain subjects specified, the fee was $10, and an appeal was allowed to the appointing power; but physicians from other states participating in actual consultations were exempted from the operation of the act. Laws 1895, p. 209, c. 89, amended this act, and provided that persons who had been in continuous practice in the state since June 1, 1887, might be licensed upon submitting a diploma from a recognized college of medicine or by undergoing an examination; but all persons commencing to practice after January 1, 1889, were required to submit to an examination and to submit evidence of their attendance at a medical college. The examination fee was $10, and an appeal was allowed as in the former acts.

This act was repealed by R. L. 1905, § 5541, but the subject-matter thereof was covered by section 2296, providing that persons not already authorized to practice medicine in the state and so desiring shall apply to the secretary of the board of examiners and pay a fee of $10, which in no event shall be refunded; that the applicant must prove that he has completed four entire sessions of 26 weeks each at a recognized medical college; that he shall be examined in certain enumerated branches of medical learning, and such others as the board shall deem advisable; that, if seven members of the board consent, license shall be granted, the examination, however, to be both scientific and practical, thoroughly testing the fitness of the candidate; and, finally, that "the board may refuse to grant a license to, or may revoke the license of, any person guilty of immoral, dishonorable, or unprofessional conduct, but subject to the right of the applicant to appeal to the Governor." This act does not refer in any way to physicians from other states; this subject, however, being covered by section 2297 of the revision as follows: "The board, either with or without examination, upon receipt of a fee of $10, may grant a license to any physician licensed to practice by the similar board of another state."

But this provision never went into effect, because of section 5504 exempting the Laws of 1905 from the revision, and of Laws 1905, p. 370, c. 236, which is a comprehensive statute, covering the subject of permission to foreign physicians to practice in this state. It is this act of 1905 under which the applicant in the instant case applied for and was denied a license. It is as follows:

*An act authorizing physicians from other states to practice medicine in Minnesota.*

SECTION 1. That the state medical examining board, either with or without examination, may grant and [a] license to any physician licensed to practice by a similar board of another state, and who holds a certificate of registration showing that an examination has been made by the proper board of any state in which an average grade of not less than seventy-five (75) per cent was awarded the holder thereof, the said applicant and holder of such certificate having been at the time of said examination the legal possessor of a diploma from a medical college in good standing in this state, which said diploma may be accepted in lieu of an examination as evidence of qualification. In case the scope of said examination was less than that prescribed by this state the applicant may be required to submit to an examination in such subjects as have not been covered. The fee for such examination shall be fifty ($50) dollars.

A certificate of registration or license issued by the proper board of any state may be accepted as evidence of qualification for registration in this state; Provided, the holder thereof was at the time of such registration the legal possessor of a diploma issued by a medical college in good standing in this state and that the date thereof was prior to the legal requirements of the examination test in this state.

SEC. 2. If by the laws of any state or the rulings or decisions of the appropriate officers on boards thereof, any burden, obligation, requirement, disqualification or disability is put upon physicians registered in this state or holding diplomas from medical colleges in this state which are in good standing therein, affecting the right of said physicians to be registered or admitted to practice in said state, then the same or like burdens, obligations, requirements, disqualifications

or disability shall be put upon the registration in this state of physicians registered in said state or holding diplomas from medical colleges situated therein.

A general repealing clause followed.

This act has never been changed. Nor has the general act, R. L. 1905, § 2296, referred to above, except that Laws 1909, p. 590, c. 474,[1] makes the appeal provided for thereby lie to the district court, instead of the Governor.

From this review of the statutes, we think it is apparent that the legislature in recent years have had in mind two methods of admission to practice medicine in the state, namely: (1) By examination; and (2) in the case of foreign physicians, with or without examination, in the discretion of the board—the former provision for admission on diploma having expired January 1, 1899, by express limitation fixed by Laws 1895, p. 209, c. 89. Furthermore, it appears that R. L. 1905, § 2296, applies to all persons, whether residents or otherwise, not authorized to practice in the state, who desire such admission upon examination and the payment of a fee of $10; examination not only being a condition precedent, but the predominant feature of the act.

On the other hand, the reciprocity act contemplates a wholly different procedure. It is plainly a limited statutory application of the doctrine of comity, and is, on this account and by the express provisions of the act, essentially different from the provisions conferring the absolute right to admission to practice medicine upon the specified conditions as to examinations, etc. The board is authorized to admit a foreign physician, either with or without examination, which, of necessity, vests the board with a certain discretion, and if they see fit to require an examination the fee therefor is $50; the statute in both of these particulars being widely variant from the general act.

Furthermore, the two methods of admission referred to have always been made the subject of separate and distinct enactments. The reciprocity act contains no provision concerning appeals, and while we may not, perhaps, be required to search for a reason for this omis-

---

[1] [R. L. Supp. 1909, § 2296].

sion, it might be attributed to the reciprocal nature of the act, in which connection it may be suggested that it does not appear that appeals are allowed in such cases in other states. Reciprocity and comity import the granting of a favor, which conception of itself would seem to negative the right to complain of its denial, except where such right is clearly given.

The right of appeal is purely statutory. McMillan Co. v. State Board of Health, 110 Minn. 145, 150, 124 N. W. 828. The reciprocity act, as stated, contains no provision for appeal; but the appellant seeks to find such by reading into this statute the provisions of the last paragraph of Laws 1909, p. 590, c. 474, giving the right of appeal, and urges that any other construction would be forced and narrow, and contrary to the rule stated in Minneapolis, St. P. & S. Ste. Ry. Co. v. Pierce, 103 Minn. 504, 508, 115 N. W. 649, and State v. Larson, 83 Minn. 124, 86 N. W. 3, 54 L.R.A. 487; that in seeking the meaning of a statute the result following a particular construction should be considered, as well as the presumption that the legislature did not intend to create an absurd or unjust condition. The applicability of this rule is granted; but we think it by no means follows that we must sustain the appellant's contention. To do this we would have to ignore the distinction, already noted, between the act under which the appellant claims admission and section 2296, and likewise the reciprocity features of the former, and also would have to assume that the legislature, by the act of 1909, *which purports to amend only section 2296,* intended to confer the right to appeal upon persons not otherwise within its provisions, and whose sole claims in the premises are based upon another and distinct act. Watkins v. Bigelow, 93 Minn. 210, 222, 100 N. W. 1104; Megins v. Duluth, 97 Minn. 23, 26, 106 N. W. 89; Hjelm v. Patterson, 105 Minn. 256, 117 N. W. 610, 127 Am. St. 560.

We hold that the action of the board in refusing a license applied for under Laws 1905, p. 370, c. 236, as amended, is not appealable. In reaching this conclusion we have not overlooked the suggestion that the result reached would necessarily involve a holding that the board would be powerless to revoke a license granted under the reciprocity act. While such question is a proper one to be considered in deter-

mining the legislative intent here involved, its determination in accordance with the appellant's suggestion should not affect our conclusion upon the question before us; nor do we pass upon it. We will say, however, that we think that such result does not necessarily follow; but, as there may be some doubt about this, we think that it is a matter which should be given legislative attention.

Order affirmed.