## STATE v. WILLIAM S. FULLERTON.[1]

Nos. 18,328—(9).

December 26, 1913.

**State Board of Medical Examiners — retention of license fees.**

1. License fees received by the secretary and treasurer of the State Board of Medical Examiners under Laws 1905, c. 236, and R. L. 1905, §§ 2302, 2303, *held* properly retained by the board, notwithstanding R. L. 1905, § 66, requiring executive officers to pay into the state treasury all fees and charges received by them except when otherwise expressly provided by law.

February 13, 1914.

**Taxing costs against plaintiff — case followed.**

2. Governmental authority is involved in penal actions, in those to enforce

[1] Reported in 144 N. W. 755.

payment of taxes or to determine the legality of the organization of a municipal subdivision of the state, but is not involved in an ordinary action for the recovery of money and property. Hence, in this case, the taxation of costs in favor of defendant is affirmed. State v. Buckman, 95 Minn. 272, 278, followed [Reporter].

Action in the district court for Ramsey county to recover $18,372.-75 from the treasurer of the State Board of Medical Examiners. From an order, Catlin, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assistant Attorney General, for appellant.

*Duxbury, Conzett & Pettijohn,* for respondent.

PHILIP E. BROWN, J.

The state appeals from an order sustaining a general demurrer to the complaint.

It claims the right, in the pleading attacked, to recover from defendant, as secretary and treasurer of the State Board of Medical Examiners, all moneys received by him under the provisions of Laws 1905, p. 370, c. 236, and R. L. 1905, §§ 2302, 2303, between January, 1906, and February, 1912. Appropriate allegations are made in this regard, the theory of defendant's liability being predicated upon R. L. 1905, § 66, requiring executive officers of the state to pay into the state treasury all fees and charges collected by them except when otherwise expressly provided by law.

By Laws 1887, p. 46, c. 9, which has been brought forward as R. L. 1905, §§ 2295, 2296, 2298, 2299, and 2300, the legislature established a State Board of Medical Examiners, consisting of nine qualified resident physicians, directed the election of president, secretary, and treasurer, and the holding of meetings at the Capitol at stated times, and authorized the board to examine and license physicians, the applicant to pay a fee of ten dollars "to be applied by said board towards defraying the expenses thereof;"—as expressed in R. L. 1905, § 2296, the phrase is, "pay a fee of ten dollars for the use of the board," but provided no salaries. Chapter 236, *supra,* which is set out in Williams v. Minnesota State Board of Medical

Examiners, 120 Minn. 313, 316, 139 N. W. 500, authorized the board, under certain conditions, to license physicians previously licensed by similar boards in other states, with or without examination, and declared that "the fee for such examination shall be fifty dollars." Laws 1891, p. 109, c. 30, now substantially incorporated in R. L. 1905, §§ 2302, 2303, authorized the board to license persons to practice midwifery, and imposed a fee.

The general question involved is: Was it defendant's duty to pay into the state treasury the money in controversy, or any thereof; the state's specific claims being that while the statute appropriated the ten dollar fee "for the use of the board," chapter 236, supra, providing for the fifty dollar fee, is an independent act, which omits the phrase quoted; also the midwifery act is likewise independent and distinct legislation, containing no provision authorizing or contemplating retention of fees by the board; hence all fifty dollar and midwifery fees should have been paid into the state treasury. We cannot accede to these claims.

The act of 1905 was not a separate and distinct statute in the sense urged. In Williams v. Minnesota State Board of Medical Examiners, supra, this act was considered, and we held that the provision authorizing an appeal from the action of the board, found in the last paragraph of Laws 1909, p. 590, c. 474, could not be read into it, because the title thereof purported merely to amend R. L. 1905, § 2296, and further that the amendment related to a different subject-matter; but we were there concerned neither with the doctrine of *in pari materia,* nor with the effect of the act of 1905 except as bearing on the right of appeal. The legislation now under consideration contains nothing indicative of intent that the members of the board should serve the state gratuitously, and the provision authorizing retention of the ten dollar fee accords only with the opposite conclusion. Likewise, it is clear that none of these acts contemplated revenue, except for the purpose of making the board self-sustaining, and it is doubtful if the fees provided for could legally be exacted upon any other theory. Moreover, it is suggestive that no bond is prescribed, and the state's contention is also inconsistent with the practical construction placed upon the statutes by its executive and administrative

officers, which latter is entitled to great weight. See State v. Sullivan, 117 Minn. 329, 331, 135 N. W. 748. See also cases cited in 3 Dunnell, Minn. Dig. § 8952. Finally, and pointing to the same conclusion, we have the elementary rule that statutes must be construed with reference to others relating to the same subject.

We must seek the legislative intent, and in the light of the foregoing considerations conclude, notwithstanding the general direction of section 66, supra, that the moneys in dispute were properly retained by the board. Fortunately future controversies concerning the fees referred to seem to be set at rest by Laws 1913, p. 158, c. 139.

Order affirmed.

On February 13, 1914, the following opinion was filed:

PER CURIAM.

The clerk's taxation of costs and disbursements in favor of defendant is affirmed. The case is controlled by State v. Buckman, 95 Minn. 272, 104 N. W. 240, 289. The present action is not, strictly speaking, one by the state in its governmental capacity, any more than was the Buckman case. Each proceeded upon the theory of an alleged property right; in the Buckman case, the right to damages for trespass upon state lands, and in this case, the right to money alleged to be the property of the state and to be wrongfully detained by the defendant. The governmental authority was not involved in either action. Such authority is involved in penal actions, in those to enforce the payment of taxes, (State v. Northwestern Elev. Co. 101 Minn. 192, 112 N. W. 68) or to determine the legality of the organization of a municipal subdivision of the state, (State v. Village of Dover, 113 Minn. 452, 130 N. W. 74, 539) but not in an ordinary action for the recovery of money or property.

Taxation affirmed.