E. W. McQUEEN v. JAMES D. WILLIAMS AND OTHERS.[1]

November 25, 1927.

No. 26,337.

**Grant of license to employment agency by industrial commission.**

    1. The statute regulating the manner of conducting employment agencies and providing for the issuance of licenses therefor by the industrial commission requires the commission to grant an application for a license unless reasons for rejecting it, pointed out by the statute, are found to exist.

**Number of such agencies not limited by statute.**

    2. The statute does not authorize the commission to limit the number of such agencies, nor to reject an application on the ground that the number of agencies previously licensed is sufficient to serve the public needs in that locality.

Licenses, 37 C. J. p. 239 n. 45, 46; p. 240 n. 77; p. 241 n. 79, 82.

---

See note in 2 L.R.A.(N.S.) 859; 21 L.R.A.(N.S.) 263; L. R. A. 1916E, 1150.

---

[1]Reported in 216 N. W. 323.

Defendants as members of the industrial commission appealed from a judgment of the district court for Hennepin county, Bardwell, J. directing the issue of a writ of mandamus. Affirmed.

*Clifford L. Hilton,* Attorney General, and *John F. Bonner,* Assistant Attorney General, for appellants.

*Leonard, Street & Deinard,* for respondent.

TAYLOR, C.

This is an appeal by defendants from a judgment of the district court of Hennepin county directing the issuance of a peremptory writ of mandamus commanding them to issue to plaintiff a license to conduct an employment agency in the city of Minneapolis.

The statute provides:

"Upon the filing of an application as heretofore provided, the Commission shall cause an investigation to be made as to the character of the applicant, * * * of the person who is to have general management of the office and as to the location of the offices. The application shall be rejected if the Commission shall find that any of the persons named as applicants in the application are not of good moral character and business integrity, *or if there is any good and sufficient reason within the meaning and purpose of this act for rejecting such application.* [Italics ours.] Unless the application shall be rejected for one or more causes specified above, it shall be granted." L. 1925, p. 434, c. 347, § 3.

It is conceded that plaintiff made application in due form for a license to operate a class 1 employment agency at No. 13 South First street in the city of Minneapolis; that he is of good moral character and business integrity; and that he has complied in all respects with the requirements prescribed by the statute for obtaining such license. The statute directs that the license shall be granted unless the application is rejected for one or more of the causes specified therein. The commission rejected the application for the reason that 21 class 1 agencies, already licensed, were located within a radius of 500 feet of the proposed location of plaintiff; that no public necessity existed for an additional agency; and, in substance,

that an additional agency would conduce to the violation of the laws and regulations governing such agencies by increasing competition and leading to unwarranted representations to attract employes and induce them to change their employment, and to the gathering of disorderly crowds.

Both parties concede that the business of conducting employment agencies is as legitimate as any other; that they are necessary and beneficial as they tend to reduce unemployment; and that there is nothing in the nature of the business that endangers the public health, safety or morals. Both also concede that the business is subject to regulation to protect those who deal with such agencies from being defrauded, imposed upon, oppressed or misled. Those who seek the aid of such agencies are frequently in financial straits, and many are ignorant, weak and easily duped. To protect them from fraud, imposition and misrepresentation, and from inducements to engage in unlawful or immoral employments or practices, the statute prescribes stringent rules and regulations with which all such agencies are required to comply and makes any failure to comply therewith or any misconduct of the licensee in conducting the business cause for revoking the license or refusing a new license.

The business being legitimate and beneficial, a license cannot be refused arbitrarily to one who is within the requirements of the statute and has complied fully therewith. Adams v. Tanner, 244 U. S. 590, 37 S. Ct. 662, 61 L. ed. 1336, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973.

The defendants claim, in substance, that the provision authorizing the rejection of an application, "if there is any good and sufficient reason within the meaning and purpose of this act for rejecting such application," confers upon the commission the power to reject an application for any reason which it may deem sufficient. This position cannot be sustained. If the act vested such power in the commission its validity would be extremely doubtful. The application is to be granted unless rejected for a "good and sufficient reason within the meaning and purpose" of the act. The purpose

of the act is to protect those dealing with such agencies from dishonesty, overreaching and baneful influences, and to secure to those to whom employment is promised legitimate employment of the character and under the conditions represented. To accomplish that purpose the act contains provisions intended to exclude from the business of operating or managing such agencies persons who are immoral, dishonest or unscrupulous; provisions intended to prevent such agencies from being located in disreputable neighborhoods where girls seeking employment might come into association with the depraved and immoral; provisions intended to guard applicants for employment from being subjected to vicious, immoral or improper influences; and numerous provisions intended to protect them from fraud, extortion, misrepresentation and unlawful or unreasonable requirements, and to secure to them the full benefit of the agreements made with them.

What will constitute a sufficient cause for rejecting an application is left somewhat uncertain, but we think a rejection is authorized only where the applicant has failed to show that he is qualified within the meaning and intent of the act to operate such an agency; or where he has failed in some respect to comply with the requirements of the act; or where facts and circumstances appear which justify the conclusion that the proposed agency will have obnoxious surroundings, or be conducted by persons not of the character intended by the act, or will not be conducted in conformity with the purpose and intent of the act as manifested by its provisions.

Here the applicant is to conduct his agency in person. He is of the character intended by the act and has complied with all the requirements. There is no suggestion that the character of the locality is objectionable, and the fact that 21 agencies have been licensed in that immediate vicinity negatives any such inference. There is no suggestion that there is anything to indicate that the applicant intends to conduct his agency otherwise than in strict accordance with the spirit and intent of the act. The only ground assigned for rejecting the application which finds any support in the facts is that there is now a sufficient number of such agencies

in that locality and therefore no public necessity exists for any more. Whether the legislature can limit the number of such agencies it is not necessary to determine, for the act contains nothing indicating any intention to do so, or any intention to confer the power to do so upon the commission. The commission plainly assumed to exercise a power which it did not possess. It cannot reject an application merely because, in its opinion, it has already licensed a sufficient number of such agencies to serve the public needs. This is not a business which may be prohibited as harmful, and the commission cannot discriminate by granting a license to one and refusing a license to another equally entitled to it. It is only authorized to reject an application for reasons intended by the statute as grounds for rejection. None such appear here, and the judgment is affirmed.