Appellant, in his official capacity as director of the United States veterans bureau, brought this proceeding under U.S.C. Title 38, § 450, as amended July 2, 1926 [44 St. c. 723, § 21(2), p. 792] authorizing the director to appear in the court which has appointed a guardian for an incompetent veteran and present to that court any claim that the guardian so appointed is not properly executing the duties of his trust. Appellant appealed to this court from an adverse order of the lower court, and the appeal was here dismissed. 185 Minn. 650,240 N.W. 890. Respondent, the guardian of the incompetent, sought to tax costs and disbursements in this court. The clerk disallowed and refused to tax same on the ground that costs cannot be recovered against the United States acting in its governmental capacity, and respondent appealed from such disallowance.
The proceeding is not brought in the name of the United States; but it is apparent that it is a proceeding by the federal government, in its governmental capacity, to carry out and enforce its laws granting compensation to disabled war veterans. It is not an action to recover property owned by or damages due to the United States. The fund which the guardian was asked to account for did not belong either to the United States or the appellant and was not claimed by either of them. The appellant was only the agency of the government appointed by it to bring the proceeding.
The case of State v. Buckman, 95 Minn. 272, 104 N.W. 240,289, was a civil action by the state to recover damages for trespass upon its lands and is not here in point.
State v. Fullerton, 124 Minn. 151, 144 N.W. 755, was an action by the state to recover certain money claimed to be the property of the state. It is there pointed out that the action was not one brought by the state in its governmental capacity. *Page 652 
The present proceeding being brought by the federal government in its governmental capacity and appellant being merely the agency appointed by the government for that purpose, respondent is not entitled to recover costs.
It is suggested that while respondent may not be entitled to recover costs against the government she may recover against the surety company which gave a surety bond on appeal. That question is not before us on this appeal.
Disallowance of costs affirmed.