STATE EX REL. W. YALE SMILEY v. MIKE HOLM.[1]

June 17, 1932.

Nos. 28,679, 28,825.

*George T. Simpson* and *Alfred Bowen,* for relator appealing from clerk's disallowance of costs.

*Henry N. Benson,* Attorney General, and *William H. Gurnee,* Assistant Attorney General, for respondent.

WILSON, C. J.

Relator has appealed from the clerk's disallowance of costs and disbursements.

This action was prosecuted by plaintiff as a taxpayer to test the validity of H. F. 1456 (see L. 1931, p. 640) being in the form of a

[1]Reported in 243 N. W. 133.

resolution assuming to reapportion the congressional districts of the state. The respondent, the secretary of state, presumably acting under the advice of the attorney general, was administering his office in obedience to the resolution which the governor had vetoed; but it was claimed that the veto was ineffectual. This court in 184 Minn. 228, 238 N. W. 494, sustained the contention of the respondent, and costs and disbursements were taxed against the relator in the sum of $69.25, which he paid. He later appealed from a final judgment, which was affirmed by us in 184 Minn. 647, 238 N. W. 792. Upon review by the United States Supreme Court this judgment was reversed, 285 U. S. 355, 52 S. Ct. 397, 76 L. ed. 600. After the case was returned to this court, relator upon notice applied to the clerk for taxation of costs and disbursements aggregating $283.25, including said $69.25.

The clerk construed respondent's conduct as acts of a constitutional officer of the state in relation to the governmental affairs of the state and disallowed the application. Relator has appealed.

Obviously respondent had no individual or personal interest in the controversy but was attempting to administer his official duties as secretary of state.

Relator taxed costs in the United States Supreme Court. But under a rule in that court costs and disbursements are taxed against a state just the same as any other litigant. Fairmont Creamery Co. v. Minnesota, 275 U. S. 70, 48 S. Ct. 97, 72 L. ed. 168. Not so in this court.

When the state acts in its sovereign capacity, costs and disbursements cannot be taxed against it. Respondent here acted for the public. He represented the state. For all practical purposes he was the state. His error in judgment does not change the situation. It is only in exceptional cases that the state is liable for costs and disbursements. While acting in its sovereign character it is immune; but when it descends to the level of those with whom it associates and interests itself in property and proprietary rights as distinguished from governmental prerogatives, it subjects itself to the same liability for costs and disbursements as any litigant.

The statute which allows costs and disbursements "in every action," G. S. 1923 (2 Mason, 1927) § 9473, is subject to this exception in favor of sovereignty.

In State v. Buckman, 95 Minn. 272, 104 N. W. 240, 289, the state was held liable for costs and disbursements because it there sought to recover damages for a trespass upon its lands. The action was purely to enforce the state's property rights. The action was prosecuted by the state in a proprietary capacity. State v. Horr, 165 Minn. 1, 205 N. W. 444.

In National B. & S. Co. v. Hopkins, 96 Minn. 119, 123, 104 N. W. 816, this court classed the state as "only incidentally and nominally a party to the litigation."

In State v. N. W. Elev. Co. 101 Minn. 192, 196, 112 N. W. 68, 1142, where the state sought to enforce against the defendant the payment of delinquent personal property taxes, it was held that the state was not liable for costs and disbursements. It was there acting in its governmental capacity.

In Bartles Oil Co. v. Lynch, 109 Minn. 487, 491, 124 N. W. 1, 994, the plaintiff procured a judgment restraining defendant as state oil inspector from wrongfully interfering with plaintiff's business. Defendant sought to avoid the allowance of costs and disbursements because he was an officer of the state. It was held that he could not escape costs and disbursements simply because he happened to be a state officer, for as such officer he had no authority to do the threatened act.

In State ex rel. Simpson v. Village of Dover, 113 Minn. 452, 130 N. W. 74, 539, it was held that where quo warranto proceedings are instituted by the attorney general as the representative of the sovereignty of the state, to redress an alleged usurpation of office or corporate franchise, he is not liable, officially or otherwise, to defendant for costs and disbursements in case the proceedings fail.

In Schweigert v. Abbott, 122 Minn. 383, 392, 142 N. W. 723, it was held that costs and disbursements were not taxable against the county superintendent of schools in litigation involving the validity

of consolidated school proceedings because he was performing his official duties while acting for the state.

In State v. Fullerton, 124 Minn. 151, 154, 144 N. W. 755, the state sought to recover moneys which it claimed to own. The state was held liable for costs and disbursements because, as in State v. Buckman, 95 Minn. 272, 104 N. W. 240, 289, it sought to enforce property rights, and governmental authority was not involved.

In State v. Chadwick, 133 Minn. 117, 124, 157 N. W. 1076, 158 N. W. 637, L. R. A. 1916E, 1288, it was held that in proceedings for the collection of an inheritance tax the state acted in its governmental capacity, not in a proprietary interest, and is not liable for costs and disbursements when the proceedings fail.

In In re Application of Hunt, 151 Minn. 45, 185 N. W. 943, our holding that the board was not liable for costs and disbursements because it was acting in its official character was not included in the reported case.

In Builders L. M. L. Ins. Co. v. Compensation Ins. Board, 151 Minn. 427, 186 N. W. 860, our holding that costs and disbursements were not taxable against such board was not officially reported.

In McQueen v. Williams, 173 Minn. 47, 216 N. W. 323, we held that an applicant for employment agency license, successful in this court, could not tax costs and disbursements against the commission acting in its governmental capacity; but this holding was not officially reported.

In State ex rel. Martin v. Burnquist, 141 Minn. 308, 323, 170 N. W. 201, 609, it was held that in proceedings for the removal of a public officer for misconduct in office, where the order of removal had been vacated in this court, the officer could not tax costs and disbursements against the governor, who acted solely in the public interest. He was there acting in his governmental capacity.

The principle in these cases may be analogous to that in Roerig v. Houghton, 144 Minn. 231, 236, 175 N. W. 542.

In Lipinski v. Gould, 173 Minn. 559, 564, 218 N. W. 123, 730, costs and disbursements were taxed against defendant, the state game and fish commissioner, upon the theory that he was doing things

unauthorized by law, and upon authority of Bartles Oil Co. v. Lynch, 109 Minn. 487, 491, 124 N. W. 1, 994.

In State ex rel. Koski v. Kylmanen, 178 Minn. 164, 172, 226 N. W. 401, 709, the state was not directly involved, though it is probable that the parties had procured the approval of the attorney general for the prosecution of the action.

For our purpose, the case of Hines v. Taft, 185 Minn. 651, 241 N. W. 796, is in principle quite persuasive. There Mr. Hines acted in behalf of the federal government, and we held that he was not liable for costs and disbursements. Under our holdings state officials acting for the state government have the same status as to costs and disbursements.

It may be that there are other pertinent cases which might have been cited herein.

Respondent in his official capacity was under duty to take a stand as to receiving filings and filing fees pursuant to or contrary to H. F. 1456. In making his decision he acted in good faith and proceeded purely in his governmental capacity. Under the authorities cited we hold that relator is not entitled to tax costs and disbursements herein. In as far as the amount of $69.25 is concerned, it would seem that this money ought in good conscience to be returned to relator, but we have no power to authorize it. Nor can respondent return it if he has paid it into the state treasury, as he presumably has. Whether this sum is ever returned to the relator must depend upon the action of the legislature.

The clerk's disallowance of costs and disbursements is affirmed.