**James Kolby–Ralph LUND, Jr., Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. A08–1408.

Supreme Court of Minnesota.

June 3, 2010.

Samuel A. McCloud, Carson J. Heefner, McCloud & Heefner, P.A., Shakopee, MN, for respondent.

Lori Swanson, Attorney General, John S. Garry, Assistant Attorney General, St. Paul, MN, for appellant.

OPINION

PAGE, Justice.

The driver's license of James Kolby–Ralph Lund, Jr., was revoked by the Commissioner of Public Safety in accordance with Minnesota's implied consent laws, Minn.Stat. § 169A.52 (2008), after he was arrested for driving while intoxicated. He sought judicial review of the revocation, and the district court sustained the revocation of his driver's license. The court of appeals reversed and remanded, holding that the district court abused its discretion in denying Lund discovery of the Intoxilyzer source code. *Lund v. Comm'r of Pub. Safety,* No. A08–1408, 2009 WL 1587135, at *3 (Minn.App. June 9, 2009), *rev. denied* (Minn. Aug. 26, 2009). Lund subsequently sought taxation of costs and disbursements against the Commissioner under Minn. R. Civ.App. P. 139. The Commissioner objected to the request,

arguing that the State of Minnesota is not liable for costs and disbursements when acting in its sovereign capacity. The court of appeals concluded that taxation of costs and disbursements is permitted, relying on our precedent and a supposed practice of our court awarding appellate costs and disbursements against governmental entities. *Lund v. Comm'r of Pub. Safety*, No. A08–1408, Order at 1–2 (Minn.App. filed Sept. 2, 2009). The Commissioner sought review of the court of appeals' order, which we granted. We reverse.

■ We have recognized the State of Minnesota as an immune sovereign since as early as 1877, and in 1941 the Legislature codified this common-law immunity. *See St. Paul & Chicago Ry. Co. v. Brown*, 24 Minn. 517, 574–75 (1877); Act of April 28, 1941, ch. 492, § 27, 1941 Minn. Laws 907, 914 (codified at Minn.Stat. § 645.27 (2008)); *see also Nieting v. Blondell*, 306 Minn. 122, 126, 235 N.W.2d 597, 600 (1975). Based on the State's sovereign immunity, the general rule is that the taxation of costs and disbursements is not permitted against the State when it acts in its sovereign capacity, except as otherwise provided by law.[1] *See, e.g., State ex rel. Smiley v. Holm*, 186 Minn. 331, 332, 243 N.W. 133, 133 (1932).

The court of appeals relied on our decision in *Lienhard v. State*, 431 N.W.2d 861 (Minn.1988), to conclude that the State is no longer immune from the taxation of costs and disbursements. According to the court of appeals' order, "[s]ince the abolition of common-law sovereign immunity, the supreme court has held that the state is liable for costs and disbursements 'like any private person.'" *Lund*, No. A08–1408, Order at 1 (quoting *Lienhard*, 431 N.W.2d at 863–64). The court of appeals misreads *Lienhard*. We did not change the general rule. Instead, in *Lienhard* we interpreted the Tort Claims Act, Minn. Stat. § 3.736 (1978), and held that the Act subjects the State to *tort* liability as if it were a private person, which includes liability for statutory costs and disbursements. 431 N.W.2d at 863–64. Because the present case is not a tort case, *Lienhard* does not support the court of appeals' order. Further, contrary to the court of appeals' assertion, we do not have a practice of awarding appellate costs and disbursements against governmental entities.

Here, both Lund and the State agree that in the underlying implied consent action the State was acting in its sovereign capacity and not in its proprietary capacity. We also agree and, as a result, hold that taxation of costs and disbursements against the State was improper. We therefore reverse the order of the court of appeals.

Reversed.

**1.** The Legislature has created a few exceptions expressly allowing for taxation of costs and disbursements against the State in certain distinct situations. For example, a public employee who prevails in an action "for wrongfully denied or withheld employment benefits or rights" generally may recover costs and disbursements against the State. Minn.Stat. § 549.02, subd. 1 (2008); Minn. Stat. § 549.04, subd. 1 (2008). In addition, the Minnesota Equal Access to Justice Act (MEAJA) entitles certain prevailing parties in non-tort civil cases brought by or against the State to "fees and other expenses" if the State's position in the litigation was "not substantially justified," Minn.Stat. § 15.472 (2008), and "costs and fees" are allowed against the State in tax appeals to the extent authorized under the MEAJA, Minn.Stat. § 271.19 (2008). None of the exceptions apply to the present case.