## School Directors v. Jennie Breen et al.

## Same v. Same.

60  201
66  169
60  201
167s  67

1. STATE BOARD OF HEALTH—*Compulsory Vaccination.*—Section 3, of chapter 123, R. S., providing that the State Board of Health shall have the general supervision of the interests of the health and life

of the citizens, and authority to make such rules and regulations and sanitary investigations as it may from time to time deem necessary for the preservation of the public health, confers upon such board no authority to make an order requiring the pupils in the public schools throughout the State to be vaccinated or be denied admission thereto for a failure to comply with such order.

2. VACCINATION—*Not a Necessary Qualification for Admission to the Public Schools.*—The vaccination of a pupil is not one of the qualifications necessary to his admission to the public schools as a scholar, and such pupil can not be excluded from school privileges for failing to obey a rule requiring vaccination, in the absence of an immediate, present necessity, occasioned by a reasonable, well-founded belief and apprehension entertained by the public authorities that small-pox is prevalent in the community in which the school is located or is approaching the vicinity.

3. SCHOOL DIRECTORS — *Reasonable Rules — Vaccination.* — Where pupils seeking admission to the public schools are in perfect health, not having been exposed to the small-pox, and such disease is not prevailing in the vicinity of the school, there is no present necessity for the enforcement of a rule requiring the vaccination of pupils as a condition precedent to their enjoyment of school privileges, and a rule requiring such vaccination, under such circumstances, is unreasonable and not within the powers of the directors to enforce.

Trespass and Mandamus.—Two suits. Appeal from the Circuit Court of Lawrence County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed August 31, 1895.

STATEMENT OF THE CASE.

The two suits, one in trespass and a proceeding by mandamus, were tried by the court by agreement and upon the following agreed state of facts:

"1st.    Jennie Breen and Jim Breen are students of said school district, and aged eighteen and sixteen years respectively.

2d.    That Michael Breen is also resident and tax-payer and father of plaintiffs.

3d.    That a common free school was being conducted and will be conducted in said district.

4th.    That the defendants are the school directors of said school district.

5th.    That at its January meeting in 1894, the State

Board of Health of Illinois passed the following: 'Resolved, that the power of the State Board of Health under the law creating said Board of Health to order the vaccination of all school children, is clear and unquestionable. The consequent duty of board of school directors to see that such order is strictly enforced in their respective districts is equally clear and the said order of the Board of Health is their sufficient authority for so doing.'

6th. That the State Board of Health had previously ordered, in 1882, requiring all school children of the State of Illinois to be vaccinated, which order was in full force in the State.

7th. That defendants notified complainants of the order before attempting to enforce it.

8th. That the defendants, acting under and by advice of said order, did, on the 5th day of February, 1894, instruct and order the teacher of the school to impart no instruction to Jennie and Jim Breen until they complied with the order requiring vaccination.

9th. That the defendants afterward refused them admission to school until they complied with the order, which they refused to do and still refuse.

10th. That they were refused admission for no other reason than they refused to comply with the order requesting them to be vaccinated.

11th. That previous to the order of defendants not to admit the complainants to the school, the directors went personally to the parent, Michael Breen, and proposed if they would present a certificate from any physician that pupils had been vaccinated at any time, they would allow them the school, which the plaintiff absolutely refused to do. The directors offered to pay the expenses of vaccination which was refused.

12th. No direct force was used upon plaintiffs, simply denied admission to school room after repeated refusals to obey the orders in regard to vaccination.

13th. No injury was occasioned to plaintiff other than the loss of attending school during the remainder of the term, which expired in March, 1894.

14th. That the order requiring vaccination was made general upon all schools in the district, and a physician was provided by directors to vaccinate the pupils.

15th. That the defendants acted in good faith under the belief that they were doing a duty enjoined upon them by law, and from no personal motive against plaintiffs.

16th. That attached hereto are copies of the order served upon defendants by county superintendent; also, instructions from State Board of Health.

17th. That these facts to be used in both cases, and does not waive any rights of either party."

Copies referred to in agreement, 16th Order of the State Board of Health, adopted November 22, 1881:

"Resolved, that by the authority vested in this Board, it is hereby ordered that on and after January 1, 1882, no pupil shall be admitted to any public school in the State without presenting satisfactory evidence of proper and successful vaccination." Also, instruction from W. E. Quinn, M. D., president, and J. W. Scott, secretary of said board, to defendants, to enforce this order, and declaring that the attorney-general has said the order is mandatory and has the full force and authority of law, and the defendants had not enforced the order before and must now do so, and that small-pox was raging in the State and they must act at once. Dated January 1, 1894.

Gee & Barnes, attorneys for appellants, contended the power of the State Board of Health is ample to make the orders in question, and that it is the duty of the school directors to enforce the same, citing Sec. 2, Chap. 126, R. S.; Starr & Curtis, page 2289; Abeel v. Clark, 84 Cal. 383.

The police power of the State extends to everything essential to the public safety. Listor et al. v. Steel, 152 U. S. 133.

Pupils may be denied admission to schools who refuse to be vaccinated. Duffiel v. Williamsport School District, 162 Pa. 476; 25 L. R. A. 152.

This power may be extended whenever necessary to secure

the health and promote the general welfare of the community. People v. Ewer, 36 N. E. Rep. 4.

The defendants had a right to adopt the order of the Board of Health, make their own and enforce their own reasonable rules. Sec. 49, Chap. 122, Starr and Curtis' Statutes, page 2226.

JOHN E. McGAUGHEY, State's Attorney, of counsel for appellants.

C. J. BORDEN and C. F. BREEN, attorneys for appellees.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The suit in trespass was brought by appellants against appellees to recover damages by reason of being denied the right to attend the common school of said district and thereby deprived of the benefit of tuition as puplis. Defendants were found guilty and judgment for one cent damages and costs was entered. In the mandamus proceeding to compel appellants to allow appellees to attend the common school in said district, issues were made up by answer and replication and a peremptory writ awarded as prayed for. The material question involved is, whether the State Board of Health is given power by the statute to make an order which would be valid and binding under the agreed state of facts, requiring the pupils in the public schools throughout the State to be vaccinated, or be denied admission thereto for non-compliance with such order. Appellants insist such power is conferred by the terms of Sec. 2, Chap. 126, Rev. Stat., which provides: "The State Board of Health shall have the general supervision of the interests of the health and life of the citizens of the State. They shall have charge of all matters pertaining to quarantine and shall have authority to make such rules and regulations, and such sanitary investigations, as they may from time to time deem necessary for the preservation or improvement of public health, and it shall be the duty of all police officers, sheriffs, constables, and all other officers and employes

of the State to enforce such rules and regulations, so far as the efficiency of the board may depend upon their official co-operation."

It is further insisted on behalf of appellants, that they, after receiving the order of the State Board of Health, adopted it and made it their own, and had provided a physician to perform the vaccination, and ordered the teacher not to admit appellees unless they obeyed their orders. That appellees were notified to conform to the order of the State Board and refused to comply therewith, or with the reasonable rules made by the directors, and therefore appellees were rightfully debarred from school privileges so long as they so refused.

It is further insisted that appellants had the right to adopt the order of the Board of Health, make it their own, and enforce their own reasonable rules, by virtue of Sec. 49, Chap. 122, S. & C. Rev. Stat., p. 2226. Several authorities have also been cited on behalf of appellants, to sustain their contention; among others, Abeel v. Clark, 84 Cal. 226, which was mandamus to compel principal of public school to admit pupil. The sole ground for refusing admission was that the pupil had not complied with the provisions of the statute providing that trustees of school districts, school boards of cities and towns, shall "*exclude from the benefits of the common schools in the State*, any child or any person who has not been vaccinated, until such time when said child or person shall be successfully vaccinated, providing that any practicing and licensed physician may certify that the child or person has used due diligence and can not be vaccinated so as to produce a successful vaccination, whereupon such child or person shall be excepted from the operation of this act." The act also provided said school officials should provide vaccine virus for, and have vaccinated, without expense to the parents, children whose parents were not able to pay therefor, the expense thereof to be defrayed out of school fund.

The order was refused and appeal taken by petitioner and it was held the subject of said act was within the scope of

the police power of the State, and was designed to prevent the dissemination of a contagious and dreaded disease. Hence it was proper that the spread of small-pox through the public schools should be prevented or lessened by vaccination, thus affording protection to the scholars and the community. Vaccination being the most effective method, it was for the legislature to determine whether the scholars in public schools should be subjected to it, and was justified in decreeing it a necessary and salutary burden, to impose on a general class, citing Cooley on Const. Lim., 157. The judgment was affirmed. Duffield v. School Directors of the City of Williamsburg, 29 Atl. Rep. 742, petition by Duffield for mandamus to compel the admission of his minor son to the common schools of said city, who was excluded therefrom solely on the ground of non-compliance with an ordinance of the city providing that no pupil should be permitted to attend any public or private school in said city without a certificate of a practicing physician that such pupil had been subjected to the process of vaccination. Small-pox then existed in the city and in many near-by towns. In view of this condition, the directors were requested by the Board of Health to take action and enforce said ordinance, which they did by passing a resolution in conformity with the request, but not to be enforced against those not in a condition to undergo vaccination; and providing vaccination without expense to them, for such as are unable to bear the expense. These matters were set up in the answer to the petition. Demurrer to answer was overruled and judgment for defendants. The court of review affirm this ruling and judgment, and say in the opinion, there is no effort to compel vaccination, but the exercise of a right to exclude from the schools those who do not comply with such regulations of the city and board of directors, as have been thought necessary to preserve the public health; that the directors would have the right to close the schools temporarily during the prevalence of infectious or contagious diseases, and might limit the exclusion to children from infected neighborhoods, or family, and for the same reason

they may exclude such children as decline to comply with the requirements looking to prevention of contagion, provided the requirements are reasonable in their character, and that is to be determined in the first instance by the city authorities and the school board. It is only in case this discretionary power is abused that the supervision of such power will be undertaken by courts, nor is a court called on to judicially determine whether the public belief in the efficiency of vaccination is right or not. It is then further said, the answer shows the school board believed a proper regard for the public health, and for the pupils, required the adoption of this regulation, and were acting under this belief in the utmost good faith, and although mistaken in entertaining such belief, yet this error of judgment would not be such abuse of dicretionary power as would justify a court in setting aside such action; that it must be conceded the board might rightfully exclude the petitioner's son if he was sick with, or just recovering from small-pox, and although not so affected, might so exclude him if another member of the family was. How far this right to exclude the one for the good of the many is to be carried, is a question addressed to the discretion of the proper officers, and when that discretion is honestly and impartially exercised, courts will not interfere.

These cases differed from this materially in the facts and in the character of legislation under which the directors acted, but the rule is laid down that school directors are invested with the power to require the vaccination of a pupil, notwithstanding the pupil or his parents believe it to be dangerous to health and without efficacy; and furthermore, that it would be a reasonable and proper exercise of such power to adopt and enforce a rule that pupils who failed to comply with such requirements should be excluded from school privileges until they did comply therewith. If this holding is adopted, the section of our statute defining the powers and duties of the State Board of Health and the statutory duty imposed upon school directors to maintain schools taken together, would seem to justify school direct-ors in this State in carrying out and enforcing the order and

direction of the State Board requiring pupils in the public schools to be vaccinated, or remain out of school. We decline to hold, however, that vaccination of a pupil is one of the qualifications necessary to his admission to our public schools as a scholar and that he could be excluded from school privileges for failing to obey a rule requiring it, in the absence of an immediate, present necessity, occasioned by a reasonable, well-founded belief and apprehension entertained by the board, that small-pox was prevalent in the community in which the school was located, or was approaching that vicinity. It might be held to be a reasonable rule requiring the exclusion of a pupil not vaccinated for a temporary period during which it was necessary to prevent the spread of small-pox among scholars, but not permanently, and after such danger had ceased. And an unreasonable rule could not be justified and enforced even by the direction and order of the State Board of Health requiring it.

Under the agreed state of facts, was the rule adopted and enforced by appellants reasonable and proper? Appellees were in perfect health, had not been exposed to the small-pox, and it was not prevailing in the vicinity of the school. These facts show no present necessity for the enforcement of the rule requiring the vaccination of appellees as a condition precedent to their enjoyment of school privileges, and in our judgment such rule was not a reasonable one and the court below did not err in so holding and awarding the peremptory writ, as prayed for, and entering judgment for plaintiffs against appellants in the trespass suit. The judgments are affirmed.