66b 159
177s 572

## Maud I. Lawbaugh, by her Next Friend, v. The Board of Education.

1. Compulsory Vaccination—*Powers of Boards of Health—Reasonable Rules.*—Under its charter, giving it power to make regulations to prevent the introduction of contagious diseases, and to secure the

general health of the inhabitants, the city of Geneseo passed ordinances establishing a board of health, prescribing its duty to care for the health of the schools, with authority, after consulting physicians, etc., to suspend from the schools. any unvaccinated student until such student produced a certificate from a duly authorized physician showing that he or she had been vaccinated in accordance with the rules of the State Board of Health. Acting under this authority, the board of health passed a resolution that no pupil should be admitted to any public or private school without presenting a certificate of vaccination from an authorized physician. Under this ordinance and resolution, *it was held* that the board of education had the power to adopt and enforce an order that no pupil should be admitted to the public schools without presenting satisfactory evidence of proper and successful vaccination.

2. Boards of Education—*Compulsory Vaccination.*—A regulation of a board of education requiring the vaccination of pupils as a qualification to their admission to the public schools is a reasonable one, notwithstanding the disease of small-pox does not exist in the vicinity.

3. Same—*Power to Make Rules Regarding Contagious Diseases.*— School boards are not required to wait until a disease has obtained a foothold in the community before taking steps to insure the safety of the pupils from its ravages.

Mandamus.—Appeal from the Circuit Court of Henry County; the Hon. Hiram Bigelow, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 19, 1896.

Wm. M. Smith and Geo. W. Shaw, attorneys for appellant, contended that boards of health have no authority to legislate. Tugman v. Chicago, 78 Ill. 405.

The board of health of the city of Geneseo is not a body the appointment of which is authorized by the charter of the city. See Charter, Sess. Laws 1865, page 370.

The constitution of Illinois gives all children the right to attend the public schools, and compels the legislature to secure the right. Art. VIII, Sec. 1; Powell v. Board of Education, 97 Ill. 377; Chase v. Stephenson, 71 Ill. 383; People v. Board of Ed. of Quincy, 101 Ill. 308.

No pupil can be expelled save for bad conduct. Rulison v. Post, 79 Ill. 571.

Dunham & Foster, attorneys for appellee.

The respective action of the Illinois State Board of Health, of the Geneseo Board of Health, and of the city of Geneseo, was within the scope of their respective powers, and their

rules, regulations and ordinances were of binding force and effect. Revised Statutes Illinois, Ch. 126a, Sec. 2 (2 S. and C. 2289); Ch. 122, Art. 6, Sec. 10 (3 S. and C. 1182); Ch. 122, Art. 5, Sec. 26, Par. 6 (3 S. and C. 117); Private Laws of Illinois, 1865, Vol. 1, p. 370 *et seq.;* "An Act to Incorporate the City of Geneseo," Art. 7, Secs. 4 and 6; Tugman v. Chicago, 78 Ill. 405; 2 Am. and Eng. Ency. 432; Gregory v. New York, 40 N. Y. 273; Polinsky v. People, 11 Hun, 390; People v. Special Sessions, 7 Hun, 214.

The board of education has full power to pass and enforce the rules complained of. Revised Statutes, Ch. 122, *supra;* Duffield v. School Directors, 29 Atl. Rep. 742; Abeel v. Clark, 84 Cal. 226; S. C., 24 Pac. Rep. 383; In re Rebenack, St. Louis Court of Appeals, March term, 1895; Thompson v. Beaver, 63 Ill. 353; McCormick v. Burt, 95 Ill. 263; Roberson v. Troutt, 17 Ill. App. 386; Churchill v. Tewkes, 13 Ill. App. 520.

Rules requiring vaccination or other evidence of immunity from small-pox of pupils attending public schools, are reasonable regulations for the government and welfare of the schools, and are not in violation of the constitutional provisions concerning public schools. Powell v. Board of Education, 97 Ill. 377; Chase v. Stephenson, 71 Ill. 383; People v. Board of Education of Quincy, 101 Ill. 308; In re Walters, 32 New York Supp. 322; Abeel v. Clark, 84 Cal. 226.

Such rules are not in violation of the doctrine of personal liberty. Lake View v. Rose Hill Cemetery Co., 70 Ill. 192; Tiedeman's Limitations of Police Power, 1, 31; Ibid., Abeel v. Clark, 84 Cal. 226; In re Waters, 32 N. Y. Sup. 322.

The relator must show a clear, unequivocal legal right to entitle her to a writ of mandamus. C. & A. R. R. Co. v. Suffern, 129 Ill. 276; Dement v. Rokker, 126 Ill. 174; People ex rel. v. Glann, 70 Ill. 232.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

The Board of Education of School District No. 2, T. 17,

R. 3 E. 4th P. M., lying within the city of Geneseo, in Henry county, expelled the relator, a girl twelve years of age, because she and her father, George W. Lawbaugh, who appears in this suit as her next friend, refused to comply with certain rules concerning vaccination of the pupils attending school in said district. After being so expelled, appellant filed her petition for a writ of mandamus to be directed to appellees, commanding them to admit her to the public schools of Geneseo, in said district. She alleges her forcible expulsion from such school by appellees, who refuse to allow her to attend, although repeatedly requested to do so. Avers that the only reason assigned by them is, that she had not been vaccinated, and did not exhibit a certificate of vaccination within the past year. That they urged her to obtain such a certificate, and promised in that case to admit her. And in an amendment to her petition she alleges that when a pupil she always obeyed all lawful rules and regulations of the board of education and teachers, so far as she knew how and was able, and at the time of her expulsion she had not been exposed to, or infected by, small-pox or any infectious disease, nor was she under quarantine for any cause, and the epidemic of small-pox did not then exist in Geneseo.

The defendant answered, admitting that petitioner was a resident of the district, of the age of twelve years, and entitled to the privileges of the public schools on the same terms and conditions as the other children of the district, subject to lawful regulations; and that her father and next friend is, and for four years had been, a resident of the district. The answer then sets forth a resolution of the State Board of Health, of November 22, 1891, that before being admitted into any public school every child must present his or her teacher a certificate signed by a legally qualified physician, stating name, age, residence, date of vaccination as nearly as may be, date of examination accurately, and result as shown on the child's person. A certificate from a legally qualified physician that a child is protected by a previous attack of small-pox or varioloid, or that it would be danger-

ous at the present time to vaccinate a given child, or that such unsusceptibility has been demonstrated as in itself amounts to protection, shall be accepted by school authorities in lieu of the satisfactory evidence required by this order.

Also another resolution of the State Board of Health, of January, 1894, reaffirming the above, and extending it to parochial and private schools, and notifying school authorities not to admit children without satisfactory evidence of successful vaccination; and the board further resolved that their power, under the statute of their creation, to order the vaccination of children, is clear and unquestionable; and that it is the consequent duty of boards of school directors to see that such order is strictly enforced is equally clear, and the said order their sufficient warrant.

The answer further alleged that the city of Geneseo, within whose limits all schools of said district are located, by an ordinance of its city council of August 11, 1891, established a board of health, and appointed its members, (who are still in the discharge of their duties) and made it their duty to care for the health of the schools and exclude from them any person suffering from a contagious or infectious disease, or liable to convey such disease to those in attendance; and an ordinance of October 12, 1893, providing that the board of health might, at any time, after consulting duly authorized physicians, who deem it necessary for the public health, suspend from school any unvaccinated student attending the Geneseo schools, public or private, until such person shall be able to produce a certificate from a duly authorized physician that such person has been vaccinated in accordance with the rules of the Illinois State Board of Health; that the board of health of Geneseo passed an order and resolution that no child or pupil be admitted to any school in Geneseo, public or private, on or after Monday, October 1, 1894, without presenting a certificate of vaccination from an authorized physician.

Defendants, at a regular meeting of August 9, 1894, passed

a resolution that thereafter no pupil should be admitted to the public schools of the district without presenting satisfactory evidence of proper and successful vaccination from some reputable physician, provision having been made by the board for the gratuitous vaccination of the children of those unable to pay for the same. And subsequently resolved that the above order be enforced.

The defendant alleges that the above orders, resolutions and ordinances of the State and city boards of health, the city council and board of education, are reasonable, wholesome and just regulations, and in full force; and that they control the rights of children to attend the schools, and that no child has the right to attend without compliance. That the petitioner and her father and next friend, were aware of these rules, but refused to comply with them, the father alleging that he did not believe in vaccination nor in physicians, nor medical and sanitary science. That petitioner was expelled solely because she would not comply with the rules respecting vaccination, or obtain the certificate under the rules showing that such vaccination was unnecessary. That petitioner and her father were informed that she could be vaccinated free of cost, but her father insisted he would have nothing to do with physicians; that they were frauds and humbugs. There was an affidavit to the truth of the answer.

We have thus set out the substance of the pleadings at length, that the whole facts in the case may be fairly presented, and they are as well shown in that form as any other.

To this answer petitioner filed a demurrer, which was overruled by the court, and petitioner abiding by her demurrer, the court gave judgment in favor of defendant, dismissing the petition at the costs of petitioner. This action of the court is assigned for error, and we are asked to reverse the judgment on the ground that the facts set forth in the answer constitute no defense to the petition.

The question is therefore presented for determination, whether there is any power in the State Board of Health,

boards of health of cities, the city council of cities, or boards of education, or in all of them combined and acting with each other, to require the vaccination of pupils as a condition precedent to their attending and receiving the benefit of the public schools.

By Sec. 2, Chap. 126a (2 Starr & Curtis, 2289), it is provided that "The State Board of Health shall have the general supervision of the interests of the life and health of the citizens of the State, * * * and shall have authority to make such rules and regulations, and such sanitary investigations as they may from time to time deem necessary for the preservation or improvement of public health; and it shall be the duty of all police officers, sheriffs, constables, and all other officers and employes of the State to enforce such rules and regulations, so far as the sufficiency and success of the board may depend upon their official co-operation."

If it is competent for the legislature to confer upon the State Board of Health the power to make rules and regulations for the preservation of the public health, then the above language is broad enough in its terms, to warrant such board in making the rule set forth in appellant's answer to the petition for mandamus. It is contended by appellant that boards of health have no authority to legislate, and the case of Tugman v. Chicago, 78 Ill. 405 is cited in support of such contention. We do not think that the question here involved was necessarily before the Supreme Court in that case. The real point of that decision is, that the ordinance or regulation in question was unreasonable and unjust, as tending to create a monopoly; and while the court seem to hold that the board of health of the city of Chicago had no power to enforce the regulation for a violation of which the prosecution was brought, we do not regard the decision in that case as requiring us to hold that the State Board of Health has no power to adopt rules such as that set forth in the answer of appellees, or that they have no binding force upon the citizens of this State. The necessities of government seem to require various agencies

through whose instrumentality the welfare of the people shall be subserved, and without which the interest of the citizens of the State would suffer. Hence, we have boards of railway and warehouse commissioners, a State board of charities, penitentiary commissioners, canal commissioners, labor commissioners, and other boards, all having greater or less powers conferred upon them by statute in a manner similar to that in which power is given to the State Board of Health. We are unwilling to hold that the State legislature has no power to confer upon the State Board of Health the authority to adopt the rule in controversy in this case, and thereby, in effect, hold it has no power to confer upon any of the boards above named the powers attempted to be given them by the respective statutes of their creation. The consequences of such a holding would be so far reaching in their effects that we would long and seriously hesitate before coming to such a conclusion. It has been held that the power to enact sanitary regulations which shall have the force of law, and for which a criminal prosecution will lie, may be conferred on a board by the legislature. 2 Am. & Eng. Ency. of Law, 432, citing Polinsky v. People, 11 Hun (N. Y.) 390; People v. Special Sessions, 7 Hun (N. Y.) 214.

Powers granted for so important an object as the preservation of the public health, should receive a liberal construction for the advancement of the ends for which they were bestowed. Gregory v. New York, 40 N. Y. 273.

It is to be observed that the case of Tugman v. City of Chicago, *supra*, was a prosecution for the recovery of a penalty where the city was bound to show an undoubted right of recovery, and where the law would be strictly construed in favor of the defendant, while this is a civil case in which the petitioner must show a clear legal right to a writ of mandamus. But the decision of this case does not rest solely upon the question of power in the State Board of Health. By Sec. 4, Art. 7, of the charter of the city of Geneseo, within whose limits the school in question is situated, the city council are given power " To make regulations

to prevent the introduction of contagious diseases into the city," and by Sec. 6, "To make regulations to secure the general health of the inhabitants." 1 Priv. Laws, 1865, p. 377.

To carry out these powers the city council established a board of health, and passed the ordinance set out in appellee's answer, and in pursuance of these ordinances, and the order and resolution of the city board of health adopted thereunder, the board of education (appellee) passed a resolution that thereafter no pupil should be admitted to the public schools of the district without presenting satisfactory evidence of proper and successful vaccination, etc., as set forth in the answer. Under the city ordinances and the resolution of the local board of health, we are of the opinion the board of education had the power to adopt and enforce the resolution and regulation adopted by it for the health of the schools under its control, provided such regulation was a reasonable one, it being always a question of law whether or not the rule or regulation is reasonable. We do not deem it necessary to enter upon any extended discussion as to the merits, or demerits, of vaccination as a remedy for the prevention of small-pox. We understand that a large majority of the medical profession believe in the efficacy of vaccination. In many cities of the United States it is provided for by municipal regulation. In the case of Duffield v. School Dist. of City of Williamsport (Pa.), 29 Atl. Rep. 742, it is said :

" In the present state of medical knowledge and public opinion upon this subject it would be impossible for a court to deny that there is reason for believing in the importance of vaccination as a means of protection from the scourge of small-pox.

The question is not one of science in a case like the present. We are not required to determine judicially whether the public belief in the efficacy of vaccination is absolutely right or not. We are to consider what is reasonable in view of the present state of medical knowledge, and the concurring opinion of the various boards and officers charged with the care of public health. The answers of the

city and the school board show the belief of the proper authorities to be that a proper regard for the public health and for the children in the public schools, requires the adoption of the regulation complained of. They are doing, in the utmost good faith, what they believe it is their duty to do, and though the plaintiff might be able to demonstrate by the highest scientific tests that they are mistaken in this respect, that would not be enough. It is not an error in judgment, or a mistake upon some abstruse question of medical science, but an abuse of discretionary power that justifies the courts in interfering with the conduct of the school board or setting aside its action."

We think this reasoning is pertinent to the question now under consideration. That case, like the one now before us, was an action of mandamus to compel the restoration of a pupil to the public schools, he having been expelled for a failure to comply with the regulation of the school board in regard to vaccination. It is true there was an element in that case which is not present in this, viz., there was a prevalent alarm in the city of Williamsport over the report that there was then a case of small-pox in the city, while in the case at bar it is not claimed there was any immediate pressing danger of the contagion. But we are not inclined to hold that the actual existence of small-pox in the vicinity was necessary in order that the regulation should be regarded as a reasonable one. The disease is so easily communicated—is so highly contagious and subtle in its operations, that it may appear in any community, at any time, without a moment's notice; so that a city may be quite free from the scourge to-day, while to-morrow thousands may have been exposed to its perils. This being the well known character of the dreadful disease, we think the safer view is that a regulation looking to safety and immunity, before it makes its appearance, should not be regarded as an unreasonable one. No doubt there are cases in which vaccination has done harm to the patient, and in unskillful hands, perhaps the same may be said of any medical treatment, or even of surgery; but we do not regard this as a fair argument against medical treatment or surgical

skill. The good of the many must be preferred to the convenience or supposed welfare of the few. The safety of the people as a whole is the object sought to be attained by these regulations concerning vaccination.

In nearly all health and quarantine laws, some are put to inconvenience and annoyance, and may to a certain extent be deprived of their liberty and freedom of action, but if the public necessity requires it, the convenience, or even liberty, of the individual citizen, must give way for the welfare of the greater number. In this case the petitioner insists on her right to attend the public schools, without submitting to the rule concerning vaccination, when the State Board of Health, the city council of Geneseo, the local board of health of the city, and the board of education, all concur in the belief it is unsafe for the community that she should do so.

It is unfortunate that she should be deprived of an education, but if her father sets up his judgment in opposition to that of all the authorities named, and refuses to have her comply with the rules of the school board, we think she must take the consequences, and place the blame where it belongs. The board have acted reasonably with her in that they have provided a means of vaccination, free of expense to her, or her father, and have offered to admit her to the schools upon her compliance with the rule in question. We are aware the Appellate Court of the Fourth District in this State have reached a different conclusion from that which we have arrived at, and hold that, in the absence of an immediate present necessity, occasioned by a reasonable, well founded belief and apprehension entertained by the board that small-pox was prevalent in the community in which the school was located, or was approaching that vicinity, such a rule as the one under consideration would be unreasonable, and could not be justified and enforced, even by the direction and order of the State Board of Health requiring it. School Directors v. Breen, 60 Ill. App. 201.

With all due respect to the learning and ability of that court, we feel constrained to hold that the school board

should not be required to wait until the disease has obtained a foothold in the community before taking steps to insure the safety of the people from its dread ravages. After the epidemic has broken out, it may be too late to repair the damage which has been occasioned by the want of vaccination at the proper time. We think it safer for the welfare of the people to hold that the school board may make and enforce the regulation, even before the disease has invaded the community, and before the danger becomes immediate and pressing.

In the case of Abeel v. Clark, 84 Cal. 226, an act of the legislature, similar in character and effect to the regulation in question, was held to be a reasonable police regulation, and was sustained by the Supreme Court of that State.

Holding, as we do, that the answer of appellee set up a sufficient defense to the petition, the court committed no error in overruling the demurrer thereto and dismissing the petition, and the judgment will be affirmed.