## GRACE M. BRIGHT v. HARRINGTON BEARD.[1]

### April 20, 1916.

### Nos. 19,761—(159).

**Exclusion of pupil from school — requisites for judgment for penalty.**

1. To support a judgment imposing a penalty under section 2900, G. S. 1913, upon a member of the board of education of a city for having voted to exclude a pupil from a public school, the findings must show that the vote related to such pupil and that no sufficient cause existed for the exclusion.

**Same — judgment not sustained by findings.**

2. In this case the findings show that a case of smallpox had developed in the public school wherein plaintiff was a pupil; that defendant as a member of the board of education voted for a resolution requiring the pupils in that school who had been exposed to the contagion to be vaccinated, and in default thereof to be excluded from attendance until the lapse of two weeks, and that was the only act of defendant in the premises. But since the findings fail to show that plaintiff was

[1]Reported in 157 N. W. 501.

Note.—On vaccination as condition of attendance at school, see note in 25 L.R.A. 152.

The power to require vaccination as condition of admission to school is discussed in note in 17 L.R.A.(N.S.) 710.

either named in the resolution, or came within its terms, the judgment imposing a penalty is not sustained.

**Exclusion from school because of exposure to contagious disease.**

3. It is also held that the school authorities, including members of boards of education, have authority to temporarily exclude from school attendance pupils who have been exposed to contagious and infectious diseases, and that the danger of contracting and spreading the disease to which such pupils have been exposed is sufficient cause for voting to so exclude them. Chapter 299, Laws 1903 (section 4640, G. S. 1913), does not apply to a pupil who has been exposed to smallpox.

Action in the municipal court of Minneapolis to recover a penalty of $50 under G. S. 1913, § 2900. The facts are stated in the opinion. The case was tried before Bardwell, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Plaintiff's motion for amended findings of fact and conclusions of law was granted. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*C. D. Gould, W. G. Compton and R. S. Wiggin,* for appellant.
*Charles B. Elliott,* for respondent.

HOLT, J.

On February 26, 1914, it was discovered that a pupil attending the West High School, in the city of Minneapolis, was afflicted with smallpox. On March 4 the commission of health of the city ordered plaintiff, a student at said school, to be excluded therefrom unless she submitted to vaccination. She refused. The next day the department of health of the city adopted a resolution reciting that an epidemic of smallpox existed in the city, and prohibiting all persons, not vaccinated, who had been exposed to or had come in contact with a case of smallpox from being present in any school in the city for a period of not less than two weeks from date of exposure to the disease. Upon being advised of the action of the health department the board of education of the city, on the same day, passed this resolution, viz: "Resolved, that this board hereby approves the action of the department of health of the city of Minneapolis in requiring that pupils, teachers and employees of the West High School who have been exposed to smallpox shall be vaccinated or

else be excluded from the school." When this resolution was passed the defendant was a member of the board of education and voted in the affirmative. Plaintiff brought this action to recover the penalty given by section 2900, G. S. 1913, which reads: "Any member of any public school board or board of education of any district, who, without sufficient cause, or on account of race, color, nationality or social position, shall vote for, or being present, shall fail to vote against, the exclusion, expulsion, or suspension from school privileges of any person entitled to admission to the schools of such district, shall forfeit to the party aggrieved fifty dollars for each such offense, to be recovered in a civil action." Judgment was rendered for plaintiff and defendant appeals.

The statute is highly penal and to warrant a recovery the plaintiff must establish that the vote of defendant excluded her from the privileges of the school, and that she was so excluded without sufficient cause.

We do not think the findings show that the vote of defendant excluded or suspended plaintiff from attending the school. The answer contains this allegation of fact, found true by the court: "That aside from the vote aforesaid (referring to the passage of the resolution above set forth) neither said board of education nor this defendant has ever taken any action in the premises whatsoever." The resolution does not refer to plaintiff by name, nor do the pleadings or findings place her within its operation. On the contrary the court finds that there was "no evidence to show that this plaintiff herein was ever in fact in contact with said Quinn [the pupil suffering from smallpox] or exposed to contagion by reason of proximity with him." The defendant cannot be penalized for the act of the health commissioner or the superintendent of the school. The finding that the board of education approved plaintiff's expulsion must be held to refer to no act of defendant's other than his vote on the resolution in view of the allegation in the answer found true as already stated.

We also think it fairly appears that the trial court's finding of want of sufficient cause for defendant's affirmative vote on the resolution adopted by the board of education is based upon an erroneous conception of the effect of a statute and not upon facts, assuming now that plaintiff was a pupil covered by the resolution. From the time the said section 2900 appeared upon our statute, in 1877, down to the enactment of chapter

299, p. 530, Laws 1903 (which was revamped and inserted by the revisers in subdivision 8 of section 2131, R. L. 1905 [section 4640, G. S. 1913]), no one could have made a plausible contention that exposure of a school pupil to a virulent contagious disease, such as smallpox, did not constitute sufficient cause for excluding such pupil from attendance during the period that there was danger of imparting such disease by such pupil to others in the school. Did said chapter 299, p. 530, Laws 1903, change the situation? We think not. That law was designed to prohibit compulsory vaccination, and also to prohibit school authorities from making vaccination a condition precedent to the enjoyment of school privileges except during the prevalence of an epidemic of smallpox. It has nothing to do with the status of school pupils who have been exposed to a contagious or infectious disease, whether of smallpox, scarlet fever, diphtheria or the like. It is unreasonable to surmise that this law of 1903 was intended to prevent school authorities from taking the usual precautions to prevent the spread of contagious diseases through pupils who have become exposed to contagion. The temporary exclusion from school attendance of such pupils is still left to the good judgment of the authorities. The resolution here in question went no further than to deal with pupils who had been exposed to contagion from the dread smallpox. The facts found show that one of the pupils attending the West High School became a victim of the disease and had exposed others therein to contagion. This furnished sufficient cause for the adoption of the resolution upon which defendant voted, and the finding that no epidemic of smallpox then prevailed in the city is not important. The observation in Duffield v. Williamsport School Dist. 162 Pa. St. 476, 29 Atl. 742, 25 L.R.A. 152, and in School Directors v. Breen, 60 Ill. App. 201, affirmed in Potts v. Breen, 167 Ill. 67, 47 N. E. 81, 39 L.R.A. 152, 59 Am. St. 262, are pertinent upon the distinction between a temporary exclusion in an emergency, such as an exposure to contagion, and a rule requiring vaccination as a condition precedent to admission to school when no danger from smallpox threatens.

In 1902 in State v. Zimmerman, 86 Minn. 353, 90 N. W. 783, 58 L.R.A.78, 91 Am. St. 351, a regulation requiring children to be vaccinated as a condition precedent to attendance in a public school during an epidemic of smallpox was upheld as reasonably necessary. And the

exception in the law of 1903 recognizes the principles announced in the decision. A person carrying the germs of infection may spread the disease perhaps as readily before the disease has become epidemic as after it has arrived at that stage. Unless the power still remains in the school authorities to temporarily exclude those from school attendance who have come in contact with smallpox patients we may expect epidemics of that disease to be started in short order in our public schools. We do not believe a reasonable construction of the statutes herein referred to invites such calamities.

The judgment must be reversed.