# STATE EX REL. J. L. STONE v. ELLA M. PROBST.[1]

December 24, 1925.

Nos. 24,983, 24,984.

**Order unappealable.**

1. An order refusing to amend findings is not appealable.

**When Minneapolis board of education may exclude children from school.**

2. The language of the home rule charter of Minneapolis by fair implication confers upon the board of education of that city the power to make and enforce administration rules which exclude children from school who are a menace to their associates.

**Police power of board.**

3. Such rules are the result of the valid exercise of the police power invested in the board.

**Rules in question fair and reasonable.**

4. The rules in question are construed as not unfair, arbitrary or unreasonable.

1. See Appeal & Error, 3 C. J. p. 475, § 299.
2. See Schools & School Districts, 35 Cyc. p. 1140.
3. See Schools & School Districts, 35 Cyc. p. 1140.
4. See Schools & School Districts, 35 Cyc. p. 1116.

Upon the relation of J. L. Stone the district court for Hennepin county granted its writ of mandamus directed to respondent Probst, commanding her to readmit Margaret Stone to the Calhoun grade school. The matter was heard by Leary, J., who ordered that the alternative writ be dismissed. Plaintiff appealed from an order denying his motion for a new trial. Affirmed.

*Malmberg & Nelson*, for appellant.

*Neil M. Cronin* and *Thomas B. Kilbride*, for respondent.

[1]Reported in 206 N. W. 642.

WILSON, C. J.

The board of education of the city of Minneapolis was created as a school corporation by chapter 157, p. 444, Sp. L. 1878, which, as amended, is now a part of the home rule charter of that city adopted November, 1920, pursuant to section 36, article 4, of the state Constitution. Chapter 18 of the charter provides for a corporation known as the board of education of the city of Minneapolis and among other things the charter says: "It shall have the entire control and management of all the common schools within the city * * * and make rules and regulations for the government of schools."

Pursuant to the authority above indicated, the board provided rules and, among other things, in article 5, § 10, they provide that principals and teachers must be on the alert to discover suspected contagious diseases, filth or vermin and physical and mental defects. Against conscientious objection medical examination will not be made, but where such examination is necessary for the protection of the health of other children a child is excluded until it presents the same evidence required of other children who are excluded because of infectious disease.

Plaintiff is a resident citizen and taxpayer in said city and is the father of Margaret Stone, a child 6 years of age attending such schools. On March 31, 1925, she was ill with a throat infection or sore throat, and was troubled with a hoarseness by reason thereof. Her exclusion followed. She was entitled to return upon the school authorities being furnished with a negative report from a throat culture submitted to the division of public health of the city. In addition thereto she was also required to present a certificate from a physician as to the condition of her throat or submit to a physical examination by the regularly employed school physicians or nurses. Her refusal is based upon conscientious objections incident to being a Christian Scientist.

Plaintiff procured an alternative writ of mandamus requiring the respondent, who was the principal of the school which the pupil attended, to re-admit her or show cause why she should not be received. The answer pleaded the rules and the condition of the

pupil. The trial court quashed the writ and dismissed the action. Plaintiff's motion for amended findings or a new trial was denied.

Plaintiff has attempted to appeal from the order both in refusing to amend findings and in not granting a new trial. The former is not appealable. Nash v. Kirschoff, 161 Minn. 409, 201 N. W. 617.

The validity of the legislative act creating the board of education which is now carried into the charter is established. State ex rel. Smith v. City of St. Paul, 128 Minn. 82, 150 N. W. 389.

Appellant contends that the making of the rules by the board is unauthorized and unconstitutional in that it is a legislative enactment in contravention of section 1, article 3, of the state Constitution. The legislature, out of necessity, has provided for school districts and boards to govern them. It has permitted in Minneapolis a commingling of the schools with the municipality. It has also permitted the people of that territory, by the adoption of a home rule charter, to provide for the administration of the school affairs. To have the entire control and management, with power to make rules and regulations, means almost every power necessary or essential for the proper administration of such schools. It must be conceded by all that one of the primary duties of the board is to protect the health of the many children in their charge. Persons differ only in how this is to be accomplished. Efforts for prevention do much to avoid an epidemic. The demand upon the board for vigilance in this respect is imperative. All authority exercised in the protection of the public health is to be liberally construed. We hold that the language of the charter by fair implication confers upon the board of education the power to make and enforce the rules involved. In fact it could not effectually carry out the purposes for which it exists without such power. State ex rel. Freeman v. Zimmerman, 86 Minn. 353, 90 N. W. 783, 58 L. R. A. 78, 91 Am. St. 351; State ex rel. Smith v. City of St. Paul, 128 Minn. 82, 150 N. W. 389; Bright v. Beard, 132 Minn. 375, 157 N. W. 501, Ann. Cas. 1918A, 399; Streich v. Board of Education, 34 S. D. 169, 147 N. W. 779, L. R. A. 1915A, 632, Ann. Cas. 1917A, 760; Jones v. Day, 127 Miss. 136, 89 South. 906, 18 A. L. R. 645; Pugsley v.

Sellmeyer, 158 Ark. 247, 250 S. W. 538, 30 A. L. R. 1212; People ex rel. Hill v. Board of Education, 224 Mich. 388, 195 N. W. 95.

It is conceded by appellant that the city council would have authority to make the rule in question. This concession is upon the theory that the city council is a legislative body and may enact a measure that is a law. It is contended here that the school board by its rules has assumed to enact a law, and that it is without legislative authority. Of course the legislative body cannot be permitted to relieve itself of this power by delegating it to another body. But the constitutional inhibition cannot be extended so as to prevent the grant of legislative authority to administrative boards to adopt rules to carry out a particular purpose. It cannot be claimed that every grant of power to administrative boards involving the exercise of discretion in judgment must be considered as a delegation of legislative authority. There are many matters relating to methods or details which may be by the legislative body referred to a particular administrative board. Such matters fall within the domain of the right of the legislative body to authorize an administrative board to make rules or regulations in aid of the successful execution of some general statutory provision or to enable it to carry out the purpose of its existence. These rules come within this class and are administrative provisions. They are also the result of the valid exercise of the police power invested in the board of education by virtue of the language of the charter.

It is claimed that the matter of health is delegated to the board of public welfare by chapter 14 of the city charter. It is. It does not follow, however, that because the people through their charter have delegated such power to that board, that the board of education is denied the exercise of the same powers to such an extent as may reasonably be necessary to carry out the purposes for which it was created. Both these boards received their power from the same source. Our conclusion is supported by the fact that in chapter 14 we find this proviso:

"(5) Provided nothing herein contained shall be construed as limiting the present power of the Board of Education of the city to provide for the promotion of health of the public school children."

Appellant advances the argument that the rules are invalid because inapplicable to children in parochial schools. But the regulation here is for the protection of pupils in the public schools. The other children are subject to public health regulations made by the proper body. They doubtless are subjected to regulations promulgated by their own school. They may subject themselves to these rules if they so desire. The fact that the notice of exclusion mentioned the wrong source of authority is not important.

Are the rules mentioned arbitrary and unreasonable?

Attendance at school is compulsory. G. S. 1923, § 3080. It is a crime for a person not to send his children to school. G. S. 1923, § 3083. School officials are subjected to punishment if they wrongfully vote to exclude, expel or suspend a pupil from school privileges. G. S. 1923, § 2998. Medical examination is restricted. G. S. 1923, § 3073. Whether the last mentioned statute applies to a case of this kind we need not decide. It is claimed that these statutes tend to show that the rules in reason should be more considerate and in fact should be operative only in case of an epidemic and then only for a reasonable time. This controversy arises from a sore throat. The teacher could not be expected to determine if it was ordinary or streptococcic or the early stage of some other contagious or infectious children's disease. We must recognize that one child may quickly spread a disease among the many children it comes in contact with in school. It seems more reasonable to us to have the rules applicable in preventing as well as in controlling an epidemic. The court should not attempt to substitute its judgment as to what the rules should be, when operative, or the period of operation. In fact, these rules do not really exclude any one except by his own volition. The record in this case merely placed before plaintiff a condition to his child's admission to the school. The condition required is a certificate of a physician and in case of sore throat or suspected diphtheria a negative report from a culture submitted to the division of public health. The school furnishes facilities for acquiring the necessary information if the child will submit to medical examination by the school authorities.

Many of us may have to subordinate our own ideas or views to governmental authority and the requirement calls for co-operation without requiring anyone to surrender his own views or conscientious objection thereto. The child is required to remain away if he will not submit to the rule. The board asks only for such information as it deems necessary in the proper administration of the schools. This information would result in exclusion only in the event that the child himself was a menace to his associates. The board provides a way for the child to qualify for admission without any cost or expense. The matter is entirely in his own hands.

We conclude that the rules are made in good faith and are not unfair, arbitrary or unreasonable and hence cannot be disturbed by the courts. Pugsley v. Sellmeyer, supra; 24 R. C. L. 22 and 24, p. 574, 575.

Affirmed.