## STATE EX REL. HILTON AND OTHERS v. COUNTY OF LINCOLN AND OTHERS.[1]

November 12, 1926.

Nos. 25,753, 25,768.

**Statutes for testing domestic animals for tuberculosis construed.**

Lincoln county, having entered a contract under the provisions of chapter 269, Laws of 1923, to test domestic animals therein for tuberculosis with the object of making the county a "modified accredited tuberculosis free area," became a governmental agency to carry out the legislation, which is to protect public health and promote public welfare. Contracts entered into pursuant to such statutes are subject to such changes and alterations as the legislature may see fit to thereafter make; and the county has no such proprietary interest in the subject matter of the contract that it can invoke the constitutional protection against impairment of contracts either in its own behalf or in behalf of its cattle owners because of the changes wrought by L. 1925, c. 230, enacted after Lincoln county had entered the contract here assailed.

Appeal and Error, 3 C. J. p. 475 n. 57.
Constitutional Law, 12 C. J. p. 760 n. 57; p. 1005 n. 58 New.
Counties, 15 C. J. p. 389 n. 9.

Mandamus to compel the board of county commissioners of Lincoln county to levy a tax to carry out a contract for testing cattle for tuberculosis under L. 1923, c. 269. The court, Olsen, J., made findings for respondents. Relators appealed from an order denying their motion for a new trial. Reversed.

*Clifford L. Hilton*, Attorney General, and *Victor E. Anderson*, Assistant Attorney General, for appellants.

*A. K. Stauning*, County Attorney, and *R. F. Schulz*, for respondents.

HOLT, J.

Mandamus to compel the board of county commissioners of Lincoln county to levy a tax to carry out a contract for the testing

[1] Reported in 210 N. W. 635.

of cattle for tuberculosis under L. 1923, p. 350, c. 269. Findings were in favor of respondents. Relators moved for amended findings or a new trial. Respondents moved for an amended finding of fact, but not for a new trial. From an order denying each motion, the parties appeal.

The order denying respondents' motion is not appealable, and their appeal must be and is dismissed. Desaman v. Butler Brothers, 118 Minn. 198, 136 N. W. 747, Ann. Cas. 1913E, 642; State v. Probst, 165 Minn. 361, 206 N. W. 642.

The relators pleaded and the court found that proceedings had been properly taken under chapter 369, p. 350, Laws of 1923, to authorize the county board of Lincoln county to enter a contract with the State Sanitary Board and the Federal Bureau of Animal Industry to test all cattle in the county for tuberculosis with the object of making the county "a modified accredited tuberculosis-free area" as defined by the Federal Bureau and the Sanitary Board. The contract was accordingly entered January 8, 1924. Pursuant to the contract the county board appropriated a sum equal to 25 cents per head of the cattle in the county to assist in the expense of conducting the first test. This test was made and paid for out of the money appropriated and levied. By the terms of the contract the board agreed to appropriate like amounts to assist in paying for each additional test necessary to accomplish the object intended. The court found that it was necessary to make further tests, and that the cost of the same will be approximately $13,000. This money the county board refused to raise, and this proceeding is to compel the board to levy a tax for that purpose.

All the facts were found in relators' favor except the following: "Chapter 230, Laws of 1925, changes the indemnity paid for cattle in these cases, so that, among other things, no indemnity is now paid for steers condemned. The changes made are material changes in the amount of indemnity paid to cattle owners." From the memorandum appended to the decision it is clear that the learned trial court concluded that by the enactment of chapter 230 such a change was made in the indemnity to be paid for condemned animals that the county was released from the contracts.

It must be admitted that the act of 1925 made material changes in the law as it stood at the time the contract was entered. The findings point to a significant change and there are others. It must also be conceded that the purpose of the contract was at least two-fold, viz., to protect health and to obtain compensation to the owners for animals condemned. The primary object of the legislation is public health and welfare. The county has no direct proprietary interests at stake. It is a mere arm of the government in the administration of the law. There is no substantial difference between the position which the county occupies in a drainage proceeding and in a case of this kind, after the contract is made. It is true that a judicial ditch may be established without the county's consent, whilst in a proceeding of the sort here involved it is optional with the county to enter or refuse to enter a contract. Likewise it may be said that for the construction of a drainage system the county reimburses itself entirely from assessments against benefited property, but for the money needed under this contract the county must look to the levy of a general tax. Notwithstanding these differences, we think the county as to the procedure under the statutes here applicable is a mere governmental agency to carry out a scheme designed to protect health and life of people as well as of domestic animals and thus promote public welfare. With that view of the law and the county's part in carrying it out, we think the legislature may amend the statutes relating to testing animals and the payment for condemned animals without thereby releasing the parties from the contract. The owners of the animals condemned are not parties to the contract; neither did the county act as their agent in entering the same. The enactment of the statutes involved is an exercise of the police powers of the state. Schulte v. Fitch, 162 Minn. 184, 202 N. W. 719. Contracts under such statutes must be entered into with the understanding that the legislature may amend or alter the law pertaining to them without being charged with wrongful interference with vested rights. State v. Holm, 138 Minn. 281, 164 N. W. 989. The act of 1925 did not lay any additional burden upon the county, and even if it had we are not prepared to say it would have released

the county from the contract. State v. Smith, 58 Minn. 35, 59 N. W. 545, 25 L. R. A. 759. The act impairs no right or obligation of the county under this contract. We think the principle in the above cited cases and in State v. George, 123 Minn. 59, 142 N. W. 945, and the decisions therein referred to, entitled the relators to the writ.

There is no occasion to consider the questions of estoppel and waiver, urged by the relator, for in our opinion the findings of fact as they were made require merely a modification of the conclusions of law awarding the writ.

The order is reversed.